**CAREY, DANIS & LOWE**
Michael J. Flannery, CA State Bar #196266
John J. Carey, *pro hac vice*
Francis J. "Casey" Flynn, Jr., *pro hac vice*
Tiffany M. Yiatras, Esq., *pro hac vice*
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri  63105
(T): 314-725-7700
(F): 314-721-0905

**PARIS ACKERMAN & SCHMIERER LLP**
David S. Paris, Esq., *pro hac vice*
Ross H. Schmierer, Esq., *pro hac vice*
101 Eisenhower Parkway
Roseland, New Jersey  07068
(T): 973-228-6667
(F): 973-629-1246

**ATTORNEYS FOR PLAINTIFFS**

**NAGEL RICE, LLP**
Bruce H. Nagel, Esq., *pro hac vice*
Jay J. Rice, Esq., *pro hac vice*
Diane E. Sammons, Esq., *pro hac vice*
103 Eisenhower Parkway
Roseland, New Jersey  07068
(T): 973-618-0400
(F): 973-618-9194

**RUKIN HYLAND DORIA & TINDALL LLP**
Steven M. Tindall, CA State Bar # 187862
100 Pine Street, Suite 725
San Francisco, California  94111
(T): 415-421-1800
(F): 415-421-1700

**ATTORNEYS FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RENEE WALKER, JASON CHAN, ROBERT ACKERMAN, MICHELE KRAYNAK, SHAWN IRVINE, ANTHONY DEMARCO, MARTI KELMER, JOSE CRUZ, ROBERT HIBBS, JASON HART and TAMMY MARSH, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DISCOVER FINANCIAL SERVICES, Inc., DFS FINANCIAL SERVICES, LLC, DISCOVER BANK, MORGAN STANLEY, and UNIDENTIFIED ENTITIES A through Z, Inclusive, <br><br> Defendants. | Case No.: No. C 10-03013 SI <br><br> **JURY TRIAL DEMANDED** <br><br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs, Renee Walker, Jason Chan, Robert Ackerman, Michele Kraynak, Shawn

- 1 -

Irvine, Anthony DeMarco, Marti Kelmer, Jose Cruz, Robert Hibbs, Jason Hart and Tammy Marsh ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, Paris Ackerman & Schmierer LLP, Nagel Rice, LLP, Carey, Danis & Lowe, LLP, and Rukin Hyland Doria & Tindall LLP, hereby bring the within action against Defendants Discover Financial Services, Inc., DFS Financial Services, LLC, Discover Bank, Morgan Stanley and Unidentified Entities A – Z (collectively the "Defendants" or "Discover"). In support thereof, Plaintiffs allege as follows:

### INTRODUCTION

1. This is a class action lawsuit brought by, and on behalf of, Discover® credit card ("Discover® Card") members throughout the country, who were enrolled in the Defendants' "Payment Protection Plan" (the "Plan").

2. Defendants are a leading credit card issuer with one of the most recognized brands in U.S. financial services.

3. Defendants operate the Discover® Card, with more than 50 million card members.

### I.      Discover's Payment Protection Plan

4. This matter arises from the deceptive business practices implemented by Defendants, their agents, employees, representatives, and affiliates, through which they employ confusing and misleading sales tactics to surreptitiously enroll unwitting Discover® Card members ("Card Members") into the costly Plan.

5. Defendants' deceptive scheme is further perpetrated by their improper calculation of fees relating to the Plan, and their refusal to refund the unlawful fees.

6. The Plan is purported to "help safeguard your account payment history by putting your account on hold during the benefit period (durations vary by product) if you experience a covered hardship such as disability, hospitalization or one of the other covered events[1]."

7. The Plan purportedly provides both debt suspension and debt cancellation benefits

---

[1] http://www.discovercard.com/protection-solutions/payment-protection.html (as of July 7, 2010).

for a certain fee.

8.     If a Card Member is enrolled in the Plan and experiences a covered hardship, certain benefits are purportedly available, including: (i) a hold on monthly payments during the benefit period; (ii) an abatement of periodic finance charges or late fees during the benefit period; and (iii) a complete cancellation of outstanding balances, up to Twenty-Five Thousand Dollars ($25,000.00) in the event of card member death.[2]

9.     Upon information and belief, the Plan is aggressively promoted to Card Members by Defendants' sales agents via scripted telephonic sales pitches, which occur during the enrollment process, subsequent solicitations, or even during client initiated inquiries.

10.     The Plan is disingenuously presented as an "optional" benefit to Card Members.

11.     In reality, however, Defendants' agents use misleading, sleight-of-hand sales tactics to willfully and knowingly dupe unsuspecting Card Members into unknowingly enrolling in the Plan.

12.     For example, Defendants' agents often misrepresent their intentions during such solicitations, stating that they are merely seeking authorization to send promotional materials relating to the Plan.

13.     In actuality, when the unsuspecting Card Members authorize the Defendants' agents to mail said promotional materials, the agents unilaterally extend the scope of that authority and enroll the Card Members in the Plan without consent.

14.     Defendants' knowingly and willfully imposes the Plan feature on the Card Members' accounts without receiving the Card Members' consent or authorization, and then requires the Card Member to take onerous affirmative steps to cancel the Plan.

15.     As a result, Card Members, like the Plaintiffs herein, are deluded into enrollment, and caused to pay the attendant monthly fee which is a percentage of their balance on each statement closing date the Card Members are enrolled in the Plan.

16.     Upon the Card Member's request for proof of such enrollment, Defendants refuse

---

[2] *Id.*

to provide any such evidence.

## II. Defendants' False Advertising Relating to Pricing of the Plan

17. The marketing materials and telephonic solicitations offering the Plan mislead consumers to believe that the fee associated with the Plan is assessed as "89¢ per every $100.00 of your total Discover Card account balance at the end of each monthly billing period in which you're enrolled in Payment Protection."

18. Thus, according to the information presented through the marketing of the plan, if a Card Member's total account balance at the end of a billing period in which he/she is enrolled in the Plan is $100.00, Discover may contractually charge a fee of 89¢.

19. Such marketing and advertising lead Card Members to believe that if their total Discover Card account balance at the end of a billing period in which he/she is enrolled in the Plan reached the next $100.00 increment, *i.e.*, $200.00; Discover may contractually charge a fee of $1.78.

20. Such marketing and advertising further lead the Card Members to believe that if their total Discover® Card account balance at the end of a billing period in which he/she is enrolled in the Plan is $110.00 (i.e., more than $100.00, but less than the next $100.00 increment of $200.00), Discover may only contractually charge a fee of 89¢ because the next $100.00 increment has not yet been reached.

21. In contrast with the misinformation provided through the marketing and advertising of the Plan, Defendants actually charge .0089 of the Card Member's total Discover® Card account balance at the end of each a billing period in which the Card Member is enrolled in the Plan.

22. Therefore, when a Card Member carries a balance of $110.00 on the statement closing date while he/she is enrolled in the Plan, Defendants' charges a fee of 97.9¢ (i.e., .0089 x $110.00), as opposed to the 89¢ as advertised.

23. Additionally, the Plan creates an "endless cycle" whereby the resulting fees are exacerbated and compounded as a result of the interest that accrues when Card Members do not

pay their account balances off in full.

24.    Furthermore, the fees associated with the Plan cause many Card Members to exceed their credit limits, resulting in additional excessive fees and penalties.

**III.    Defendants' Violation of the Federal Truth In Lending Act**

25.    In addition to the foregoing, the fees charged in connection with the Plan are actually finance charges, as defined under the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (the "TILA").

26.    Pursuant to statutory mandate, Defendants are required to include these fees in the finance charge section of the Card Members' statement.

27.    Instead, Defendants surreptitiously disguise such fees as transactions in the Card Members' statement, in blatant violation of the TILA.

28.    Additionally, Defendants violate Regulation Z, 12 CFR part 226, which was issued to implement the TILA, by failing to itemize and identify the components of such fees.

29.    Lastly, Defendants attempt to limit its Card Members' ability to vindicate their rights and seek legal redress for this misconduct by including unconscionable procedural impediments such as arbitration provisions and class action waivers within the Plan "Terms and Conditions" and its Card Member Agreement.

## STATEMENT OF FACTS

**A.    Plaintiff Renee Walker**

30.    Renee Walker ("Walker") has been a Discover® Card Member since December 2008.

31.    Defendants deceptively enrolled Walker in the Plan without her authorization or consent.

32.    Walker first learned she was being billed for fees related to the Plan in or about March 2010.

33.    On or about January 15, 2010, Walker called Defendants to challenge the subject fees.

- 5 -

34. Defendants' Customer Service representative advised Walker that she had been enrolled in the Plan as of May 14, 2009.

35. Defendants' Customer Service representative agent advised Walker that her consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

36. Walker cancelled the Plan on the same day.

37. Walker was charged, at a minimum, five hundred, fifty-one dollars and ninety eight cents ($551.98) in unauthorized fees related to the Plan.

38. Pursuant to Cal. Civ. Code § 1782, Plaintiff Walker notified Defendants in writing, by certified mail sent on July 9 2010, of the particular violations of Cal. Civ. Code §1770 and demanded that Defendants rectify the problems associated with the actions detailed above (the "Walker Letter").

39. Defendants did not respond to the Walker Letter.

40. Defendants did not resolve or offer to resolve the issues raised in the Walker Letter.

**B.      Plaintiff Jason Chan**

41. Jason Chan ("Chan") is a Discover® Card Member since 2006.

42. Defendants deceptively enrolled Chan in the Plan without his authorization or consent.

43. Chan first learned he was being billed for fees related to the Plan in or about March 2010.

44. On or about March 21, 2010, Chan called Defendants to challenge the subject fee.

45. A Discover® Customer Service representative advised Chan that he had been enrolled in the Plan for more than two years.

46. Defendants' Customer Service representative agent advised Chan that his consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

- 6 -

47.     Chan cancelled the Plan on the same day.

48.     Chan was charged, at a minimum, one thousand, six hundred, fifty-seven dollars and twenty- four cents ($1,657.24) in unauthorized fees related to the Plan.

49.     Pursuant to Cal. Civ. Code § 1782, Plaintiff Chan notified Defendants in writing, by certified mail sent on July 8, 2010, of the particular violations of Cal. Civ. Code §1770 and demanded that Defendants rectify the problems associated with the actions detailed above (the "Chan Letter").

50.     Defendants did not respond to the Chan Letter.

51.     Defendants did not resolve or offer to resolve the issues raised in the Chan Letter.

**C.     Plaintiff Robert Ackerman**

52.     Plaintiff Robert Ackerman ("Ackerman") has been a Card Member since 2001.

53.     Defendants deceptively enrolled Ackerman in the Plan without his authorization or consent.

54.     Ackerman first learned he was being billed for fees related to the Plan in or about November 2009.

55.     In or about November 2009, Ackerman called Defendants to challenge the subject fees.

56.     Defendants' Customer Service representative advised Ackerman that he had been enrolled in the Plan since July 2008.

57.     Defendants' Customer Service representative advised Ackerman that his consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

58.     Ackerman cancelled the Plan on the same day.

59.     Ackerman was charged, at a minimum, three hundred dollars ($300.00) in unauthorized fees related to the Plan.

**D.     Plaintiff Michelle Kraynak**

60.     Michelle Kraynak ("Kraynak") has been a Discover® Card Member since 2001.

61.     Defendants deceptively enrolled Kraynak in the Plan without her authorization or consent.

62.     Kraynak first learned she was being billed for fees related to the Plan on or about June 15, 2010.

63.     On or about June 15, 2010, Kraynak called Defendants to challenge the subject fee.

64.     Defendants' Customer Service representative advised Kraynak that she had been enrolled in the Plan since 2003, and directed further inquiries to the Payment Protection Plan department.

65.     On or about June 16, 2010, Kraynak called the Payment Protection Plan department.

66.     The Payment Protection Plan department agent advised Kraynak that her consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

67.     Kraynak cancelled the Plan on the same day.

68.     Kryanak was charged, at a minimum, approximately five thousand dollars ($5,000.00) in unauthorized fees related to the Plan.

**E.     Plaintiff Shawn Irvine**

69.     Plaintiff Shawn Irvine ("Irvine") enrolled as a Card Member in or about 2005.

70.     Defendants deceptively enrolled Irvine in the Plan without his authorization or consent.

71.     Irvine first learned he was being billed for fees related to the Plan on or about June 9, 2009.

72.     On that same day, Irvine and his wife (the "Irvines") contacted Defendants to dispute the subject fees.

73.     During that call Defendants' Customer Service Representative advised the Irvines that the matter would be investigated.

- 8 -

74. During that call, the Irvines cancelled their enrollment in the Plan.

75. On or about June 19, 2009, Irvine received a letter from Defendants' "Cardmember Services" department stating that an internal investigation had established proof of his enrollment in the Plan on August 6, 2008, but could not provide any further information on the matter.

76. The Irvines were charged in excess of one thousand dollars ($1,000.00) in unauthorized fees related to the Plan.

**F.     Plaintiff Anthony DeMarco**

77. Anthony DeMarco ("DeMarco") is a Discover® Card Member.

78. Defendants deceptively enrolled DeMarco in the Plan without his authorization or consent.

79. DeMarco first learned he was being billed for fees related to the Plan in or about March 2010.

80. In or about March 2010, DeMarco called Defendants to challenge the subject fee.

81. Defendants' Customer Service representative advised DeMarco that he had been enrolled in the Plan since April 2008.

82. Defendants' Customer Service representative agent advised DeMarco that a recording of his consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

83. DeMarco cancelled the Plan on the same day.

84. DeMarco was charged, at a minimum, two hundred dollars ($200.00) in unauthorized fees related to the Plan.

**G.     Plaintiff Marti Kelmer**

85. Marti Kelmer ("Kelmer") has been a Discover® Card Member since on or about October 2006.

86. Defendants deceptively enrolled Kelmer in the Plan without her authorization or consent.

87. Kelmer first learned she was being billed for fees related to the Plan in or about September of 2009.

88. On or about September 21, 2009, Kelmer called Defendants to challenge the subject fees.

89. Defendants' Customer Service representative advised Kelmer that she had been enrolled in the Plan since October 30, 2006.

90. Defendants' Customer Service representative agent advised Kelmer that her consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

91. Kelmer cancelled the Plan on the same day.

92. Kelmer was charged, at a minimum, seven hundred, eighty-one dollars and nineteen cents ($781.19) in unauthorized fees related to the Plan.

**H.    Plaintiff Jose Cruz**

93. Jose Cruz ("Cruz") has been a Discover® Card Member since in or about 2009.

94. Defendants deceptively enrolled Cruz in the Plan without his authorization or consent.

95. Cruz first learned he was being billed for fees related to the Plan on or about June 16, 2010.

96. On or about June 16, 2010, Cruz and his wife called Defendants to challenge the subject fees.

97. Defendants' Customer Service representative advised Cruz and his wife that his account had been enrolled in the Plan since April 17, 2009.

98. Defendants' Customer Service representative agent advised Cruz that his wife's consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

99. After further dispute, Defendants agreed to provide Cruz a credit refund on account for the Plan fees, pending their investigation.

- 10 -

100. Cruz cancelled the Plan the same day.

101. Approximately one month later, Defendants contacted Cruz to advise that they had confirmed his enrollment in the plan and re-instated all of the fees that they had previously refunded.

102. Cruz was charged, at a minimum, seven hundred dollars ($700.00) in unauthorized fees related to the Plan.

**I. Plaintiff Robert Hibbs**

103. Robert Hibbs ("Hibbs") has been a Discover® Card Member since 2000.

104. Defendants deceptively enrolled Hibbs in the Plan without his authorization or consent.

105. Hibbs first learned he was being billed for fees related to the Plan in or about the last week of July 2010.

106. Upon learning that he was being billed for fees related to the Plan, Hibbs reviewed his historical statements and learned he had been enrolled in the Plan since March 2009.

107. Hibbs immediately called Defendants to challenge the subject fees.

108. Defendants' Customer Service representative advised Hibbs that they would conduct an investigation to determine whether or not they had proof of his enrollment.

109. Hibbs cancelled the plan on the same day and has not heard back from Defendants regarding their investigation.

110. Hibbs was charged, at a minimum, one thousand dollars ($1,000.00) in unauthorized fees related to the Plan

**J. Plaintiff Jason Hart**

111. Jason Hart ("Hart") has been a Discover® Card Member since November 2009

112. Defendants deceptively enrolled Hart in the Plan without his authorization or consent.

113. Hart first learned he was being billed for fees related to the Plan on or about

August 8, 2010.

114.    On or about August 8, 2010, Hart called Defendants to challenge the subject fees.

115.    Defendants' Customer Service representative advised Hart that he had been enrolled in the Plan since May 2010.

116.    Defendants' Customer Service representative agent advised Hart that his consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

117.    Hart cancelled the Plan on the same day.

118.    Marsh was charged, at a minimum, Forty-Five Dollars and Eighty-Five cents ($45.85) in unauthorized fees related to the Plan.

**K.    Plaintiff Tammy Marsh**

119.    Tammy Marsh ("Marsh") has been a Discover® Card Member since June 2008.

120.    Defendants deceptively enrolled Marsh in the Plan without her authorization or consent.

121.    Marsh first learned she was being billed for fees related to the Plan on or about January 29, 2010.

122.    On or about January 29, 2010, Marsh called Defendants to challenge the subject fees.

123.    Defendants' Customer Service representative advised Marsh that she had been enrolled in the Plan since April 20, 2009.

124.    Defendants' Customer Service representative agent advised Marsh that her consent for enrollment in the Plan was "on file", but could not provide any further information on the matter.

125.    Marsh cancelled the Plan on the same day.

126.    Marsh was charged, at a minimum, one thousand, two hundred, ninety-three dollars and twenty-four cents ($1293.24) in unauthorized fees related to the Plan.

**JURISDICTION AND VENUE**

- 12 -

127. This Court has original jurisdiction over this matter, under 28 U.S.C.§ 1332(d)(2), as the matter in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of costs and interest, and is a class action where at least one member of the class of Plaintiffs is a citizen of a State different from any Defendants.

128. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action, in part, arises under the Constitution or laws of the United States.

129. This Court has personal jurisdiction over Defendants named herein because Defendants are registered to do business in California and are registered with the California Secretary of State, or transact sufficient business in California, have sufficient minimum contacts with California, or otherwise intentionally avail themselves of the markets within California through the issuance of credit cards, monthly statements, and other products and services such as the Plan, to California residents rendering the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

130. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that: (i) this is the District in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred; (ii) Plaintiff Walker is a resident of Concord, California, and (iii) Plaintiff Chan is a resident of Palo Alto, California.

131. To the extent that there are any contractual prohibitions or other purported impediments to pursue these claims on a class action basis, Plaintiffs specifically allege, and will prove, if necessary, that any such bar is unconscionable, unfair and against the public policy of the State of California.

## PARTIES

132. Plaintiff Walker was, at all times relevant hereto, a citizen of the State of California, residing in Concord, and a Card Member who was unknowingly enrolled into the Plan, and caused to unjustly pay fees for said enrollment.

133. Plaintiff Chan was, at all times relevant hereto, a citizen of the State of California,

- 13 -

residing in San Francisco, and a Card Member who was unknowingly enrolled into the Plan and caused to unjustly pay fees for said enrollment.

134. Plaintiff Ackerman was, at all times relevant hereto, a citizen of the State of New Jersey, residing in East Brunswick and a Card Member who was unknowingly enrolled into the Plan and caused to unjustly pay fees for said enrollment.

135. Plaintiff Krayank was, at all times relevant hereto, a citizen of the State of Pennsylvania, residing in Rices Landing, and a Card Member who was unknowingly enrolled into the Plan and caused to unjustly pay fees for said enrollment.

136. Plaintiff Irvine was, at all times relevant hereto, a citizen of the State of Texas, residing in Rockwall, and a Card Member who was unknowingly enrolled into the Plan, and caused to unjustly pay fees for said enrollment.

137. Plaintiff DeMarco was, at all times relevant hereto, a citizen of the State of New York, residing in Webster, and a Card Member who was unknowingly enrolled into the Plan, and caused to unjustly pay fees for said enrollment.

138. Plaintiff Kelmer was, at all times relevant hereto, a citizen of the State of Pennsylvania, residing in Philadelphia, and a Card Member who was unknowingly enrolled into the Plan and caused to unjustly pay fees for said enrollment.

139. Plaintiff Cruz was, at all times relevant hereto, a citizen of the State of Texas, residing in Iowa Park, and a Card Member who was unknowingly enrolled into the Plan, and caused to unjustly pay fees for said enrollment.

140. Plaintiff Hibbs was, at all times relevant hereto, a citizen of the State of Oregon and a Card Member who was unknowingly enrolled into the Plan, and caused to unjustly pay fees for said enrollment.

141. Plaintiff Hart was, at all times relevant hereto, a citizen of the State of Missouri, residing in Lemay, and a Card Member who was unknowingly enrolled into the Plan, and caused to unjustly pay fees for said enrollment.

142. Plaintiff Marsh was, at all times relevant hereto, a citizen of the State of

Pennsylvania, residing in Elizabethtown, and a Card Member who was unknowingly enrolled into the Plan and caused to unjustly pay fees for said enrollment.

143.    Defendant DFS Services LLC, formerly known as Discover Financial Services LLC, (hereinafter, "Defendants"), is a limited liability company duly organized and existing under the laws of the State of Delaware, having a principal place of business in the State of Illinois.   The sole member of the limited liability company DFS Services LLC is Defendant Discover Financial Services (Inc.).   As the sole member of the limited liability company DFS Services, LLC, Defendant Discover Financial Services (Inc.) is responsible for the actions and wrongdoings of the limited liability company DFS Services, LLC.   Defendant Discover Financial Services (Inc.) is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business in the State of Illinois.   Because limited liability companies are deemed citizens of the State where it has its principal place of business (Illinois), the State under whose laws it is organized (Delaware), and every state of which a member is a citizen (Delaware and Illinois), Defendant DFS Services LLC is a citizen of the States of Delaware and Illinois.

144.    Defendant Discover Financial Services (Inc.) is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business in the State of Illinois.   Defendant Discover Financial Services (Inc.), as the parent corporation of Defendant Discover Bank, is responsible for the actions and wrongdoings of Defendant Discover Bank.   As the sole member of the limited liability company DFS Services, LLC, Defendant Discover Financial Services (Inc.) is responsible for the actions and wrongdoings of the limited liability company DFS Services, LLC.

145.    Defendant Discover Bank, (hereinafter, "Defendants"), is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business in the State of Delaware.   Defendant Discover Bank is a wholly owned subsidiary of Defendant Discover Financial Services (Inc.). Defendant Discover Financial Services (Inc.), as the parent corporation of Defendant Discover Bank, is responsible for the actions and

wrongdoings of Defendant Discover Bank.

146.    Defendant Morgan Stanley, (hereinafter, "Defendants") is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business in the State of New York.   During all relevant times prior to June 24, 2007, Defendant Morgan Stanley was the parent corporation of Discover Financial Services (Inc.).   As such, Defendant Morgan Stanley is responsible for the actions and wrongdoings of Defendant Discover Financial Services (Inc.) that took place prior to June 30, 2007.

147.    The true names and capacities, of the Defendants named as UNIDENTIFIED ENTITIES A through Z, inclusive, are unknown to Plaintiffs and the Putative Class who, therefore, sue those Defendants by such fictitious names. Plaintiffs and the Putative Class are informed and believe and thereon allege that each of the Defendants sued herein as UNIDENTIFIED ENTITIES A through Z are and were affiliates, subsidiaries, or other related entities of each and every other Defendants and were at all relevant times acting within the course and scope of such agency and affiliation, and/or are legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiffs and the Putative Class as alleged herein.  Plaintiffs will seek to amend this Complaint to allege the true names and capacities of such Defendants when ascertained.

## CLASS ACTION ALLEGATIONS

148.    This action is brought as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of the Plaintiffs named above and all others similarly situated. The class is defined as:

a.    All United States Citizens (including persons and business entities) that were enrolled in the Plan without their consent during the longest period permitted by the applicable statutes of limitations.

and/or

b.    All persons in the United States who are/were Members of the Plan, and were charged a fee higher than the advertised amount.

- 16 -

149.    Excluded from the proposed Class are:

    a.    Defendants;

    b.    Any entities in which Defendants have or had a controlling interest;

    c.    Any officers or directors of Defendants;

    d.    The legal representatives, heirs, successors, and assigns of Defendants;

    e.    Any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the Class;

150.    **Numerosity**:  Members of the Class are so numerous that their individual joinder is impractical.   The precise identities, number, and addresses of members of the Class are unknown to the Plaintiffs, but may and should be known with proper and full discovery of Defendants, third-parties, and their respective records. All Class members pray for money damages, temporary and permanent injunctive relief, and declaratory relief because the parties opposing the Class have acted on grounds generally applicable to the Class, thereby making appropriate injunctive relief to the class as a whole.

151.    **Existence of Common Questions of Fact and Law:**   There is a well-defined commonality and community of interest in the questions of fact and law affecting the members of the Class.   The common questions of fact and law include, among other things:

    a.    Whether Defendants engaged in a common policy, plan or scheme to unilaterally enroll customers in the Plan;

    b.    Whether Defendants engaged in a common policy, plan or scheme to implement a scripted sales pitch to confuse customers into enrolling into the plan;

    c.    Whether Defendants engaged in a common policy, plan or scheme to charge fees in excess of those represented to customer;

    d.    Whether Defendants engaged in a common policy, plan or scheme to omit material terms and conditions of the Plan so that customers would enroll in the Plan.

    e.    Whether and to what extent each Defendant's deceptive business practices and misconduct, as complained of herein, violate California law;

- 17 -

f.   Whether and to what extent each Defendant's deceptive business practices and misconduct, as complained of herein, constitute fraud under California law

g.   Whether and to what extent each Defendant's deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Bus. & Prof. Code § 17200, *et seq.;*

h.   Whether and to what extent each Defendant's deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Bus. & Prof. Code § 17500, *et seq.;*

i.   Whether and to what extent each Defendant's deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Civ. Code § 1770, *et seq.*;

j.   Whether and to what extent each Defendant's deceptive business practices and misconduct, as complained of herein, violate Consumer Protection Statutes of various other states, including New Jersey, New York, Pennsylvania, and Texas;

k.   Whether and to what extent each Defendant has been unjustly enriched as a result of the deceptive and unfair business practices, as complained of herein;

l.   Whether each Defendant's practices violated TILA, 15 U.S.C. § 1601, *et seq.*;

m.   Whether each Defendant's practices violated Regulation Z, 12 CFR part 226;

n.   Whether the arbitration provision in the Discover Card Member Agreement, as incorporated by reference into the Plan's "Terms & Conditions," is unconscionable and unenforceable;

o.   Whether the class-action prohibition provision in the Discover Card Member Agreement, as incorporated by reference into the Plan's "Terms & Conditions" is unconscionable and unenforceable;

p.   Whether the terms of the Discover® Card Member Agreement "Terms & Conditions" are applicable to disputes involving the Plan.

q.   If the terms of the Discover® Card Member Agreement "Terms & Conditions" are applicable to disputes involving the Plan, whether the arbitration provision in the Discover© Card Member Agreement is unconscionable and unenforceable;

r.   If the terms of the Discover® Card Member Agreement "Terms &

- 18 -

Conditions" are applicable to disputes involving the Plan, whether the class-action prohibition provision in the Discover® Card Member Agreement is unconscionable and unenforceable; and

s. Whether Plaintiffs and the Putative Class are entitled to recover compensatory, exemplary, treble, statutory or punitive damages based on the Defendants' fraudulent and illegal conduct or practices in connection with the Plan.

152. **Typicality**: Plaintiffs are members of the Putative Class. The Plaintiffs' claims and the claims of the Putative Class have a common origin and share common bases. Their claims originate from the same deceptive and fraudulent practices of the Defendants, and the Defendants act and have acted in the same way toward the Plaintiffs and the Class members. If brought and prosecuted individually, the claims of each Putative Class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

153. **Adequacy**: Plaintiffs are adequate representative of the Putative Class because their interests do not conflict with the interests of the members of the Putative Class they seek to represent. Plaintiffs have retained competent counsel, and intend to prosecute this action vigorously. Plaintiffs' counsel will fairly and adequately protect the interests of the members of the Putative Class.

154. **Superiority**. A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all Members is impracticable. Furthermore, as the damages suffered by individual Class Members might be relatively small, the expense and burden of individual litigation makes it impossible for Members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a Class action.

155. In the alternative, the Class may be certified because:

a. the prosecution of separate actions by the individual Members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class Members that would establish incompatible standards of conduct for Defendants;

- 19 -

b.  the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not party to the adjudications, or they would substantially impair or impede their ability to protect their interests; and

c.  Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Members of the Class as a whole.

156.  This lawsuit may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) because Plaintiffs and the Putative Class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present.  Moreover, Defendants have acted on grounds generally applicable to Plaintiffs and the Putative Class as a whole, thereby making declaratory and/or injunctive relief proper and suitable remedies.

157.  This lawsuit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendants' conduct and practices. Additionally, effective redress for each and every class member against Defendants may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes.  Even if individual class members could afford or justify the prosecution of their separate claims, such an approach would compound judicial inefficiencies, and could lead to incongruous and conflicting judgments against Defendants.

## COUNT I
## COMMON LAW FRAUD

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

- 20 -

158.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

159.    Defendants have engaged in a common scheme of fraud, through which they unlawfully enroll Card Members in the Plan without obtaining the Card Members' consent or authorization.

160.    Defendants perpetrate the common scheme of fraud complained of herein by omitting, or failing to disclose to Card Members, that they are unilaterally enrolling said Card Members in the Plan.

161.    Defendants knowingly and willfully enroll Card Members in the Plan without obtaining the Card Members' consent or authorization.

162.    Defendants intentionally perpetrate the common scheme of fraud complained of herein as an unlawful means to cause Card Members to pay additional fees.

163.    Plaintiffs, and the putative class, are presumed to have justifiably relied on Defendants' omissions and failures to disclose.

164.    As a direct and proximate result of Defendants' common scheme of fraud, Plaintiffs were caused to sustain damages in the form of the unauthorized fees paid in connection with the Plan.

<u>**COUNT II**</u>
<u>**CALIFORNIA UNFAIR COMPETITION LAW**</u>
<u>**CAL. BUS. & PROF. CODE § 17200**</u>.
**(Injunctive Relief and Restitution)**

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

165.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

166.    Plaintiffs are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17200, *et seq.*

167.    Defendants fall within the definition of a "person" as contemplated by Cal. Bus.

- 21 -

& Prof. Code 17200, *et seq*.

168.    The acts and practices of Defendants as alleged herein constitute unlawful, unfair, and fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq*.

169.    Defendants fraudulently and deceptively charged higher fees related to the Plan than advertised in marketing materials and telephonic solicitations in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

170.    Defendants have also engaged in a "fraudulent" business act or practice in that the representations and omissions described herein are false and/or likely to deceive potential and current Card Members.

171.    Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' misconduct outweighs any utility of such conduct and such misconduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to consumers.

172.    The aforementioned unlawful, fraudulent, and unfair business acts or practices conducted by defendants continue to this day.  Defendants have failed to publicly acknowledge the wrongful nature of their actions and  continue to perpetrate the fraud complained of herein.

173.    Defendants fraudulently and deceptively caused Plaintiffs and the Putative Class to enroll in the Plan without obtaining consent or authorization to do so in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

174.    Defendants have engaged in "unlawful" business acts and practices by violating Cal. Bus. & Prof. Code § 17500, *et seq*. as described above.

175.    Defendants have engaged in "unlawful" business acts and practices by violating 15 U.S.C. §1601, *et seq*. as described above.

176.    Defendants' deceptive and fraudulent business practices complained of herein, are the direct and proximate cause of damages sustained by Plaintiffs and the Putative Class members.

177.     Plaintiffs bring this action for injunctive relief to enjoin the misconduct and practices complained of herein.

178.     Plaintiffs reserve the right to allege other violations of law which constitute unlawful acts or practices. Such conduct is ongoing and continues to this date.

179.     Plaintiff also brings this action pursuant to Section 17203 for restitutionary relief as the court deems proper to prevent the use or employment by Defendants of any practices with violate Section 17200, et seq. or which may be necessary to restore to any person in interest any money property, real or personal, which may have been acquired by means of any practice declare unlawful under Section 17200, et seq.

### COUNT III
### CALIFORNIA FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE § 17500
### (Injunctive Relief and Restitution)

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

180.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

181.     Defendants made untrue and misleading statements to Plaintiffs and the Putative Class when soliciting their enrollment in the Plan, in violation of Cal. Bus. & Prof. Code § 17500.

182.     As alleged with specificity herein, Defendants misrepresented their intentions during said solicitations, as a means to deceive Plaintiffs and the Putative Class into enrolling in the Plan.

183.     Defendants knew or should have known that the solicitations to enroll plaintiffs and the putative class in the Plan, as alleged with specificity herein, were untrue and misleading.

184.     Defendants' engaged in a scheme to advertise and promote the Plan at a cost of "89¢ per every $100.00 of your total Discover® Card account balance," with the intent not to sell the Plan at the stated price.

- 23 -

185.    In actuality, Defendants charge Card Members enrolled in the Plan .0089 times their total outstanding monthly balance to arrive at the total monthly fee.

186.    Defendants knew or should have known that the stated price of the Plan, as presented in marketing materials and during solicitations, was untrue and misleading.

187.    As a direct and proximate result of these acts, consumers have been and are being harmed.

188.    Plaintiff brings this action pursuant to Section 17500, *et seq.* (a) for injunctive relief to enjoin the practices described herein.

189.    Plaintiff also brings this action pursuant to Section 17535 for restitutionary relief as the court deems proper to prevent the use or employment by Defendants of any practices with violate Section 17500, et seq. or which may be necessary to restore to any person in interest any money property, real or personal, which may have been acquired by means of any practice declare unlawful under Section 17500, et seq.

**COUNT IV**
**CONSUMERS LEGAL REMEDIES ACT**
**Cal. Civ. Code § 1770**
**(Injunctive Relief)**

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

190.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

191.    As alleged with specificity herein, Defendants engaged in unfair and deceptive business practices relating to the enrollment of Plaintiffs and the Putative Class in the Plan.

192.    Plaintiffs assert this cause of action individually and on behalf of all members of the Class against defendant for violation of the Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*

193.    Defendants are "person(s)" within the meaning of Cal. Civ. Code sections 1761(c) and 1770.

- 24 -

194.    Defendants provide the Plan, which constitutes "services" within the meaning of Cal. Civ. Code sections 1761(b) and 1770.

195.    Purchasers of Defendant's services, including Plaintiffs and members of the Class, are "consumers" within the meaning of Cal Civ. Code sections 1761(d) and 1770.

196.    Plaintiffs' and each Class member's enrollment in the Plans represent a "transaction" within the meaning of Cal. Civ. Code sections 1761(e) and 1770.

197.    The Plan is an ancillary service offered by Defendants, to their Card Members, which is entirely unrelated to the extension of credit.

198.    As alleged with specificity herein, Defendants advertised and offered certain services to Plaintiffs and the Putative Class, with intent not to sell such services as advertised.

199.    Specifically, Defendants' advertised and promoted the Plan at a cost of "89¢ per every $100.00 of your total Discover® Card account balance," with the intent not to sell the Plan at the stated price.

200.    In actuality, Defendants charge Card Members enrolled in the Plan .0089 times their total outstanding monthly balance to arrive at a total monthly fee which exceeds the advertised "89¢ per every $100.00" of the Card Members' total balance.

201.    As alleged with specificity herein, Defendants represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

202.    Specifically, Defendants represent that Plaintiffs and the Putative Class authorized and consented to enrollment in the Plan, when no such authorization or consent was ever provided.

203.    As alleged with specificity herein, Defendants have inserted an unconscionable provision in the Discover® Card Member Agreement and the Plan.

204.    Specifically, the mandatory arbitration provision within the Discover® Card Member Agreement and the Plan is unconscionable.

205.    Likewise, the class action waivers within the mandatory arbitration provisions in the Card Member Agreement and the Plan are unconscionable.

206.     Pursuant to Cal. Civ. Code section 1782(a)(2), Plaintiffs seek injunctive relief for injunctive relief to enjoin the practices described herein

## COUNT V
## CONSUMERS LEGAL REMEDIES ACT
### Cal. Civ. Code § 1770
**(Monetary Relief)**

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

207.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

208.     As alleged with specificity herein, Defendants engaged in unfair and deceptive business practices relating to the enrollment of Plaintiffs and the Putative Class in the Plan.

209.     Plaintiffs assert this cause of action individually and on behalf of all members of the Class against defendant for violation of the Cal. Civ. Code § 1750, *et seq*.

210.     Defendants are "person(s)" within the meaning of Cal. Civ. Code sections 1761(c) and 1770.

211.     Defendants provide the Plan, which constitute "services" within the meaning of Cal. Civ. Code sections 1761(b) and 1770.

212.     Purchasers of Defendant's services, including Plaintiffs and members of the Class, are "consumers" within the meaning of Cal. Civ. Code sections 1761(d) and 1770.

213.     Plaintiffs' and each Class member's enrollment in the Plans represent a "transaction" within the meaning of Cal. Civ. Code sections 1761(e) and 1770.

214.     The Plan is an ancillary service offered by Defendants, to its Card Members, which is entirely unrelated to the extension of credit.

215.     As alleged with specificity herein, Defendants advertised and offered certain services to Plaintiffs and the Putative Class, with intent not to sell such services as advertised.

216.     Specifically, Defendants' advertised and promoted the Plan at a cost of "89¢ per every $100.00 of your total Discover® Card account balance," with the intent not to sell the Plan

- 26 -

at the stated price.

217.    In actuality, Defendants charge Card Members enrolled in the Plan .0089 times their total outstanding monthly balance to arrive at a total monthly fee which exceeds the advertised "89¢ per every $100.00" of the Card Members' total balance.

218.    As alleged with specificity herein, Defendants represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

219.    Specifically, Defendants represent that Plaintiffs and the Putative Class authorized and consented to enrollment in the Plan, when no such authorization or consent was ever provided.

220.    As alleged with specificity herein, Defendants have inserted an unconscionable provision in the Discover® Card Member Agreement and the Plan.

221.    Specifically, the mandatory arbitration provisions within the Discover® Card Member Agreement and the Plan are unconscionable.

222.    Likewise, the class action waivers within the mandatory arbitration provisions in the Card Member Agreement and the Plan are unconscionable.

223.    Pursuant to Cal. Civ. Code § 1782, Plaintiff Chan notified Defendants in writing, by certified mail sent on July 8, 2010, of the particular violations of Cal. Civ. Code §1770 and demanded that Defendants rectify the problems associated with the actions detailed above (the "Chan Letter").

224.    Pursuant to Cal. Civ. Code § 1782, Plaintiff Walker notified Defendants in writing, by certified mail sent on July 9 2010, of the particular violations of Cal. Civ. Code §1770 and demanded that Defendants rectify the problems associated with the actions detailed above (the "Walker Letter").

225.    Defendants did not respond to the Chan Letter.

226.    Defendants did not resolve or offer to resolve the issues raised in the Chan Letter.

227.    Defendants did not respond to the Walker Letter.

228.    Defendants did not resolve or offer to resolve the issues raised in the Walker

Letter.

229.    As a result of the foregoing Plaintiffs seek actual, punitive and special statutory damages as provided for under Cal. Civ. Code § 1780 (a) - (d).

**COUNT VI**
**UNJUST ENRICHMENT**

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

230.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

231.    To the detriment of Plaintiffs and the Class, Defendants have been, and continue to be, unjustly enriched as a result of their wrongful conduct alleged herein.

232.    Plaintiffs and the Class conferred a benefit on Defendants when Defendants enrolled Plaintiffs and Class Members in the Plan without their knowledge and/or consent.

233.    Defendants unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendants to retain.

234.    Plaintiffs and the Class Members, therefore, seek disgorgement of all wrongfully obtained profits received by Defendants as a result of their inequitable conduct.

**COUNT VII**
**VIOLATION OF TRUTH IN LENDING ACT**
**15 U.S.C. §1601 et seq.**

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

235.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

236.    Throughout the relevant time period, Defendants have sold the credit services at issue herein to individuals in this District, this State, and nationwide, engaging in significant interstate commerce.

- 28 -

237.    The purpose of the Truth in Lending Act of 1968, as amended, 15 U.S.C. 1601, et seq., and Regulation Z, 12 CFR part 226, is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); 12 C.F.R. 226.1(b).

238.    TILA requires all solicitations for the extension of credit to clearly, conspicuously and in readily understood language disclose the terms of the commitment that the offeror, Defendants' in this case, is extending to the consumer.

239.    Congress delegated authority for the implementation of the Truth-in-Lending Act to the Federal Reserve Board (the "Board"). 15 U.S.C. § 1604. The Board promulgated Regulation Z, which is the Truth-in-Lending Act's implementing regulation. 12 C.F.R. §§ 226 et seq.

240.    Defendants' failure to disclose (in its applications, solicitations, billing statements or otherwise) that the fee charged in accordance with the Plan is a finance charge, violated sections 1605 and 1637 (b)(4) of the TILA and Regulation Z.

241.    Defendants are liable to Plaintiffs and the members of the Putative Class, who seek damages pursuant to the applicable provisions under the TILA and Regulation Z, including without limitation, 15 U.S.C. section 1640, as follows: a) actual damages resulting from Defendants' improper and illegal practices; b) the lesser of $500,000 or 1 percent of the net worth of Defendants; and c) costs and reasonable attorneys' fees.

## COUNT VIII
## DECLARATORY JUDGMENT

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

242.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

243.    An actual and justiciable controversy exists between Defendants and Plaintiffs

concerning the parties' respective rights and obligations under the "Terms and Conditions" and whether the class action prohibition within the arbitration provision of those "Terms and Conditions" is unconscionable.

244.     The inclusion of such an onerous provision in the adhesive form "Terms and Conditions" is unconscionable violating California public policy and therefore renders the "Terms and Conditions" void and unenforceable.  Plaintiffs are therefore entitled to a declaration from this Court that the "Terms and Conditions" entered into by Plaintiffs, and others similarly situated, are void and unenforceable.

245.     Alternatively, Plaintiffs ask this Court to strike those provisions that are unenforceable.

### COUNT IX
### (Violations of state consumer protection laws)

COME NOW PLAINTIFFS, individually and on behalf of all others similarly situated, and for this Count, allege the following:

246.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

247.     Defendants had a statutory duty to refrain from unfair and deceptive trade acts or practices in the promotion and sale of the Plan.

248.     The actions and failures to act of Defendants constitute acts, uses, or employment by defendants of unconscionable and/or unfair practices, deception, fraud, false pretenses, false promises, misrepresentations, or the concealment, suppression, or omission of material fact in connection with the promotion and sale of the Plan to the Plaintiffs and the Putative Class within the meaning of various state consumer protection acts.

249.     Defendants had a statutory duty to refrain from unfair and/or deceptive trade acts or practices in how the fees for the Plan were assessed to Plaintiffs and Putative Class.

250.     The actions and failures to act of Defendants constitute acts, uses, or employment by defendants of unconscionable and/or unfair practices, deception, fraud, false pretenses, false

- 30 -

promises, misrepresentations, or the concealment, suppression, or omission of material fact in connection with how the fees for the Plan were assessed to Plaintiffs and Putative Class within the meaning of various state consumer protection acts.

251. The violations of the various state consumer protection acts (Alabama: the Alabama Deceptive Trade Practices Act (Ala. Code §8-19-1 et seq.); Alaska: Alaska Unfair Trade Practices and Consumer Protection Act (Alaska Stat. §45.50.471 et seq.); Arizona: the Arizona Consumer Fraud Statute (Ariz. Rev. Stat. Ann. §44-1521 et seq.); Arkansas: the Arkansas Deceptive Trade Practices Act (Ark. Code Ann. §4-88-101 et seq.); Colorado: the Colorado Consumer Protection Act (Colo. Rev. Stat. §6-1-101 et seq.); Connecticut: the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §42-110a et seq.); Washington, D.C.: the Consumer Protection Procedures Act (D.C. Code Ann. §28-3901 et seq.); Florida: the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. Ann. §501.201 et seq. (West)) and the Florida False Advertising Statutes (Fla. Stat. Ann. §817.40 et seq. (West)); Georgia: Uniform Deceptive Trade Practices Act (Ga. Code Ann. §10-1-370 et seq.); the Fair Business Practices Act (Ga. Code Ann. §10-1-390 et seq.); and the False Advertising Statute (Ga. Code Ann. §10-1-420 et seq.); Hawaii: The Hawaii Federal Trade Commission Act (Hawaii Rev. Stat. §480 et seq.) and the Uniform Deceptive Trade Practice Act (Hawaii Rev. Stat. §481A et seq.); Idaho: the Idaho Consumer Protection Act (Idaho Code §48-601 et seq.); Illinois: the Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp. Stat. Ann. §505/1 et seq. (Smith Hurd)) and the Uniform Deceptive Trade Practices Act (815 Ill. Comp. Stat. Ann. 510/1 et seq. (Smith Hurd)); Indiana: the Deceptive Consumer Sales Act (Ind. Code Ann. §24-5-0.5-1 et seq. (Burns)); Iowa: the Iowa Consumer Fraud Act (Iowa Code Ann. §714.16 (West)); Kansas: the Kansas Consumer Protection Act (Kan. Stat. Ann. §50-623 et seq.); Kentucky: the Consumer Protection Act (Ky. Rev. Stat. §367.110 et seq.); Louisiana: the Unfair Trade Practices and Consumer Protection Law (La. Rev. Stat. Ann. §51:1401 (West)); Maine: the Maine Unfair Trade Practices Act (Me. Rev. Stat. Ann. Tit. 5 §206 et seq.) and the Uniform Deceptive Trade Practices Act (Me. Rev. Stat. Ann. Tit. 10 §1211 et seq.); Maryland: the Maryland Consumer

Protection Act (Md. Com. Law Code Ann. §§13-101 et seq., 14-101 et seq.); Massachusetts: the Consumer Protection Act (Mass. Gen. Laws Ann. Ch. 93A); Michigan: the Michigan Consumer Protection Act (Mich. Comp. Laws Ann. §445.901 et seq.) and the Michigan Pricing and Advertising Act (Mich. Comp. Laws Ann. §445.351 et seq.); Minnesota: the Consumer Fraud Act (Minn. Stat. Ann. §325 F. 69); the False Statement in Advertisement Statute (Minn. Stat. Ann. §325 F. 67); the Uniform Deceptive Trade Practices Act (Minn. Stat. Ann. §325D.44); and the Unlawful Trade Practices Act (Minn. Stat. Ann. §325D.13); Mississippi: the Consumer Protection Act (Miss. Code Ann. §75-24-1 et seq.) and the False Advertising Statutes (Miss. Code Ann. §97-23-3); Missouri: the Missouri Merchandising Practices Act (Mo. Rev. Stat. §407.010 et seq.); Montana: the Montana Unfair Trade Practices and Consumer Protection Act (Mont. Code Ann. §30-14-101 et seq.); and the Statutory Deceit Statute (Mont. Code Ann. §27-1-712); Nebraska: the Nebraska Consumer Protection Act (Neb. Rev. Stat. §59-1601 et seq.) and the Nebraska Uniform Deceptive Trade Practices Act (Neb. Rev. Stat. §87-301 et seq.); Nevada: the Deceptive Trade Statutes (Nev. Rev. Stat. §§598.0903 et seq., 41.600 et seq.); New Hampshire: the Regulation of Business Practices for Consumer Protection Act (N.H. Rev. Stat. Ann. §358-A:1 et seq.); New Jersey: the New Jersey Consumer Fraud Act (N.J. Stat. Ann. §56:8-1 et seq. (West)); New Mexico: New Mexico Unfair Practices Act (N.M. Stat. Ann. §57-12-1 et seq.); New York: New York Consumer Protection Act (N.Y. Gen. Bus. Law §§349, 350 (Consol.)); North Carolina: North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. §75-1.1 et seq.); North Dakota: Deceptive Act or Practice Statutes (N.D. Gen. Stat. §51-15-01 et. seq.); Ohio: Ohio Consumer Sales Practices Act (Ohio Rev. Code Ann. §1345.01 et seq. (Baldwin)); Oklahoma: Oklahoma Consumer Protection Act (Okla. Stat. Ann. Tit. 15, §751 et seq. (West)) and the Oklahoma Deceptive Trade Practices Act (Okla. Stat. Ann. Tit. 78, §51 et seq. (West)); Oregon: the Unlawful Trade Practices Act (Or. Rev. Stat. §646.605 et seq.) and the Oregon Food and Other Commodities Act (Or. Rev. Stat. §616.005 et seq.); Pennsylvania: Unfair Trade Practices Act and Consumer Protection Law (Pa. Stat. Ann. Tit. 73 §201-1 et seq. (Purdon); Rhode Island: Consumer Protection Act (R.I. Gen. Law §6-13.1-1 et seq.); South

- 32 -

Carolina: South Carolina Unfair Trade Practices Act (S.C. Code Ann. §39-5-10 et seq.); South Dakota: South Dakota Deceptive Trade Practices and Consumer Protection Law (S.D. Codified Laws Ann. §37-24-1 et seq.); Tennessee: Tennessee Consumer Protection Act (Tenn. Code Ann. §47-18-101 et seq.); Texas: Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code Ann. §17.41 et seq. (Vernon)); Utah:  Utah Consumer Sales Practices Act (Utah Code Ann. §13-11-1 et seq.) and the Utah Truth in Advertising Act (Utah Code Ann. §13-11a-1 et seq.); Vermont: Vermont Consumer Fraud Statute (Vt. Stat. Ann. Tit. 9, §2451 et seq.); Virginia: Virginia Consumer Protection Act (Va. Code 59.1-196 et seq.); Washington: Washington Consumer Protection Act (Wash. Rev. Code Ann. §19.86 et seq.); West Virginia: West Virginia Consumer Credit and Protection Act (W. Va. Code §46A-6-101 et seq.); Wisconsin: Wisconsin Fraudulent Representations Act (Wis. Stat. Ann. §100.18 et seq. (West)); Wyoming: Consumer Protection Act (Wyo. Stat. §40-12-101 et seq.)) have directly, foreseeably, and proximately caused damages to Plaintiffs and Putative Class in amounts yet to be determined.

252.    Defendants' actions are outrageous due to their reckless indifference to the rights of Plaintiffs and Putative Class.

## PRAYER FOR RELIEF

**WHEREFORE**, as to each of the foregoing Counts, Plaintiffs, individually and on behalf of all others similarly situated, seek the following relief:

   a.    An Order certifying the proposed Class herein and appointing Plaintiffs and the undersigned counsel of record to represent the Class;

   b.    An Order rescinding the Plan enrollment of each and every Plaintiff and member of the Class based on Defendants' deceptive misconduct as complained of herein, or, alternatively, damages for said fraud;

   c.    An Order issuing a preliminary injunction enjoining Defendants and all others, known and unknown, from continuing to take illegal action as set forth in this Complaint;

   d.    An Order issuing a permanent injunction enjoining Defendants and all others, known and unknown, from continuing to take illegal action as set forth in this Complaint;

- 33 -

e.  An Order declaring the "Card Member Agreement" entered into by each and every Plaintiff and member of the Class unconscionable, and, therefore, unenforceable; or, in the alternative, an Order severing the portions of the "Card Member Agreement" which the Court deems unconscionable and unenforceable, and enforcing the remaining valid portions of the "Terms and Conditions"

f.  A Judgment awarding Plaintiffs and the Class compensatory, consequential, and statutory damages, including, without limitation, the loss of monies paid to Defendants as fees derived from enrollment in the Plan, pre-judgment interest, and post-judgment interest;

g.  A Judgment awarding Plaintiffs and the Class restitution of all fees paid in connection with the Plan;

h.  A Judgment awarding Plaintiffs and the Class exemplary, treble and punitive damages;

i.  A Judgment for actual damages for injuries suffered by Plaintiffs and the members of the proposed Class as a result of Defendants' violation of TILA and Regulation Z;

j.  A Judgment awarding Plaintiffs and the Class reasonable attorneys' fees and costs of this action in accordance with California Code of Civil Procedure § 1021.5 and Cal. Civ. Code § 1780; and

k.  Such other and further relief as this Honorable Court finds just and proper under the circumstances.

## JURY DEMAND

WHEREFORE, as to each of the foregoing matters, Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Dated: <u>August 23, 2010</u>

/s/ Tiffany M. Yiatras

Michael J. Flannery, CA State Bar #196266
John J. Carey, *pro hac vice*
Francis J. "Casey" Flynn, Jr., *pro hac vice*
Tiffany M. Yiatras, Esq., *pro hac vice*
**CAREY, DANIS & LOWE**
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri 63105
(T): 314-725-7700

- 34 -

(F): 314-721-0905

David S. Paris, Esq., *pro hac vice*
Ross H. Schmierer, Esq., *pro hac vice*
**PARIS ACKERMAN & SCHMIERER LLP**
101 Eisenhower Parkway
Roseland, New Jersey 07068
(T): 973-228-6667
(F): 973-629-1246

Bruce H. Nagel, Esq., *pro hac vice*
Jay J. Rice, Esq., *pro hac vice*
Diane E. Sammons, Esq., *pro hac vice*
**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(T): 973-618-0400
(F): 973-618-9194

Steven M. Tindall, CA State Bar # 187862
**RUKIN HYLAND DORIA & TINDALL LLP**
100 Pine Street, Suite 725
San Francisco, California 94111
(T): 415-421-1800
(F): 415-421-1700

**ATTORNEYS FOR PLAINTIFFS**

- 35 -

## CERTIFICATE OF SERVICE

I hereby certify that on this **23**[rd] day of **August, 2010**, I electronically filed the attached **FIRST AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to all attorneys of record.

I further certify that on this **23**[rd] day of **August**, **2010**, I hand delivered the attached **FIRST AMENDED CLASS ACTION COMPLAINT** to the following attorney of record at the following address:

Francis J. "Casey" Flynn, Jr.
Carey, Danis & Lowe
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri 63105

**ATTORNEY FOR PLAINTIFF**

_/s/  Tiffany M. Yiatras_
**Tiffany M. Yiatras**

- 36 -