IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE WALKER, *et al.*, | No. C 10-3013 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE; DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE TO RENEWAL IN TRANSFEREE COURT** |
| v. | |
| DISCOVER FINANCIAL SERVICES INC., *et al.*, | |
| Defendants. | |

Defendant Morgan Stanley's motion to dismiss the complaint is scheduled for a hearing on November 4, 2010, and the motion to transfer venue filed by defendants Discover Financial Services, DFS Services LLC, and Discover Bank is scheduled for a hearing on November 5, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds that these matters are appropriate for resolution without oral argument, and VACATES the hearings. For the reasons set forth below, the Court GRANTS the motion to transfer venue and TRANSFERS this case to the United States District Court for the Northern District of Illinois. The Court DENIES all other pending motions without prejudice to renewal in the transferee court.

**BACKGROUND**

**I.    The *Kelmer* action in Illinois**

On January 21, 2010, Marti Kelmer, one of the plaintiffs in this case, filed a putative nationwide class action against Discover Financial Services, Inc., DFS Financial Services, LLC, Discover Bank ("the Discover defendants") and Morgan Stanley in the Southern District of Illinois, *Kelmer v. DFS*

1  *Services LLC*, Case No. 3:10-50-GPM. Discover Defendants' Request for Judicial Notice Ex. A.[1] Ms. Kelmer was represented by Carey & Danis LLC, one of the firms representing plaintiffs here. The *Kelmer* complaint was amended twice to add additional plaintiffs, including Tammy Marsh and Renee Walker, both of whom are plaintiffs in this action. *Id*. Ex. B-D. The *Kelmer* plaintiffs alleged that they were enrolled by phone in Discover Bank's Payment Protection Product ("DPP"), that the plaintiffs did not consent to being enrolled, and that Discover charged each plaintiff a fee in excess of the promised or contracted amount. DFS Financial Services was a wholly-owned subsidiary of Morgan Stanley. The *Kelmer* complaint alleged claims for unjust enrichment, breach of contract, and violation of Illinois' consumer protection statute. Defendants answered the complaint, and in June 2010 the Discover defendants moved to compel arbitration pursuant to the Discover cardmember agreement. Instead of opposing Discover's motion, on July 7, 2010, the *Kelmer* plaintiffs moved to dismiss the action without prejudice. The Illinois court granted the dismissal motion on August 3, 2010.

## II. The *Ackerman* action in New Jersey

On April 26, 2010, Robert Ackerman, one of plaintiffs in this case, filed a putative nationwide class action against the same Discover defendants and Morgan Stanley in the District of New Jersey, *Ackerman v. Discover Financial Servs., Inc.*, Case No. 3:10-cv-2118-JAP-LHG. RJN Ex. H. Mr. Ackerman was represented by Negal Rice LLP and Paris Ackerman & Schmierer LLP, two of the firms representing plaintiffs in this case.

The *Ackerman* complaint also challenged Discover Bank's DPP, and alleged claims for unjust enrichment, violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, violation of Delaware's Consumer Fraud Act, and a claim for declaratory relief with respect to the arbitration clause contained in Mr. Ackerman's credit card agreement. *Id*. Ex. I. Defendants stipulated to the filing of an amended complaint, but before the amended complaint was filed, Mr. Ackerman filed a notice of voluntary dismissal, which was entered on July 12, 2010. *Id*. Ex. H.

---

[1] The Court GRANTS defendants' request for judicial notice.

2

**III. This action**

On July 8, 2010, plaintiffs Marti Kelmer, Tammy Walsh, Renee Walker, Robert Ackerman, and four other individuals filed this case. Like the previous two cases, this action is a putative nationwide class action against the Discover defendants and Morgan Stanley, and challenges Discover Bank's DPP. As in *Kelmer* and *Ackerman*, the plaintiffs here allege that defendants have engaged in deceptive business practices by surreptitiously enrolling Discover cardmembers in the program, and then charging members unlawful fees for participating in the program. The complaint alleges claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1784, unjust enrichment, TILA, declaratory relief, and violation of the consumer protection statutes of the 49 other states and the District of Columbia.

The Discover defendants have moved to transfer venue to the Northern District of Illinois, or in the alternative to the District of Delaware. Morgan Stanley has moved to dismiss the complaint for failure to state a claim. Plaintiffs oppose both motions.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a)

3

and in relevant case law.

## DISCUSSION

As an initial matter, the Court finds that venue is proper pursuant to 28 U.S.C. § 1391(b) in this District, as well as in the Northern District of Illinois.[2] The parties do not dispute that this case could be brought in either venue.

Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Where a party requests transfer "in the interests of justice," courts consider: (1) avoidance of multiple actions, (2) sending the action to the state most familiar with the governing law, and (3) the feasibility of consolidation with other actions. *See A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974).

With respect to the first factor, the Ninth Circuit has held that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). One could reasonably infer forum shopping here, where the same plaintiffs represented by the same law firms filed virtually identical lawsuits in Illinois and Delaware. Plaintiffs dismissed the Illinois lawsuit after defendants moved to compel arbitration, and the timing of the dismissal suggests that the plaintiffs were seeking to avoid an adverse arbitration ruling. *See Forrand v. Federal Express Corp.*, No. 07-4674 TEH, 2008 WL 276389, at *3 (N.D. Cal. Jan. 31, 2008) ("This Court cannot reach the incredible conclusion that counsel representing a plaintiff who resides in the Central District, where counsel had previously filed a lawsuit asserting claims on behalf of a putative class that included the plaintiff, were not engaged in forum shopping when they

---

[2] Because the Court concludes that this case should be transferred to the Northern District of Illinois, the Court does not address defendants' alternative arguments regarding transfer to Delaware.

4

chose to file a nearly identical class action in the Northern District days after the judge in the earlier-filed Central District case issued an unfavorable ruling.").

Indeed, plaintiffs do not dispute that they filed the instant case in an effort to seek a venue that plaintiffs perceived to be more favorable to them. Instead, plaintiffs accuse defendants of forum-shopping "in its most perverse and odious sense" based upon defendants' filing of the motion to compel arbitration in the Illinois court. Opp'n at 1:8-9.[3] Plaintiffs assert that because defendants have taken the position that the *Kelmer* action could not proceed in court and that the *Kelmer* plaintiffs must arbitrate their claims on an individual basis, defendants have "perpetrated a charade" on this Court by seeking to transfer this action to Illinois. *Id*. at 2:10. The Court finds plaintiffs' attacks unpersuasive. The fact that defendants contend that the Discover cardmember agreement requires arbitration of the plaintiffs' claims is not inconsistent with the filing of the instant motion to transfer. If defendants are successful in compelling arbitration on an individual basis, those arbitrations will proceed, pursuant to the terms of the cardmember agreements, in the venues in which each putative class member resides.[4] If plaintiffs are successful in opposing arbitration, this case will proceed in a judicial forum. The question presented by the instant motion is which judicial forum should decide these questions. Finally, with respect to the plaintiffs' choice of forum, even if there was no suggestion of forum-shopping, a plaintiff's choice of forum is entitled to less deference where, as here, the case is brought as a nationwide class action lawsuit. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987).

With respect to the convenience of the parties, plaintiffs emphasize the fact that two of the plaintiffs live in California. However, the Court notes that one of those plaintiffs, Renee Walker, was a plaintiff in the *Kelmer* case, and thus presumably Illinois is not an inconvenient forum for Ms. Walker. In any event, nine of the eleven plaintiffs live outside of California, including a number of plaintiffs who live in Pennsylvania, New Jersey, New York, and Missouri, which are all closer to Illinois than California. On the other hand, Discover DFS LLC, which services plaintiffs' accounts on behalf of

---

[3] Plaintiffs' opposition brief is replete with such language. Counsel would be well-advised to refrain from engaging in ad hominem attacks.

[4] The Court expresses no view on the enforceability of the arbitration provision.

5

Discover Bank, has its corporate headquarters and principal place of business in Riverwoods, Illinois, located in the Northern District of Illinois. Garton Decl. ¶ 3. Defendant DFS, the parent corporation of DFS LLC and Discover Bank, also maintains its corporate headquarters in Riverwoods, Illinois. *Id.*[5] It is undisputed that Discover does not have any employees or facilities in California. Accordingly, the Court finds that on balance, the convenience of the parties weighs in favor of transfer to Illinois.

The Court also finds that defendants have carried their burden to show that Illinois is a more convenient forum for witnesses and ease of access to evidence. Discover has submitted the declaration of Ryan Garton, the Director in the Marketing Department for DFS. Mr. Garton states, *inter alia*, that Discover's documents and witnesses relating to DPP are located principally in Illinois. *Id.* ¶ 5. Sales of DPP are performed in Discover's call centers, which are located in Phoenix, Arizona; Salt Lake City, Utah; Columbus, Ohio; and New Castle, Delaware, and these sales operations are managed from Illinois. *Id.* ¶ 6. According to Mr. Garton, management of DPP is performed in Illinois by the Products and Benefits group within DFS's Marketing department:

> This group is responsible for sales and retention, marketing, risk analysis, development of disclosures, content of the Welcome Kit, types of benefits offered, changes to the benefits, and all other changes and business decisions regarding DPP. Telephone sales scripts for the tele-marketed sale of DPP are also developed in Illinois. Documents related to these functions are generated in Illinois. In addition to myself, potential witnesses knowledgeable regarding the foregoing are Angie Smith, Senior Manager of the products and Benefits group, and Karen Giffney, Vice President of Marketing, both of whom work in Illinois. Karyn Grolnic, Manager of New Product Development and Marketing in Cardmember Services, is also knowledgeable regarding the enrollment of Cardmembers in DPP. She also works in Illinois.

*Id.* ¶ 9. Mr. Garton also states that "[f]rom time to time, Discover has also engaged telemarketing vendors to assist in the sale of DPP [and that] Discover employees Tony Durst and Steve Goates manage these external vendor relationships, and [] both work in Discover's headquarters facility located in Riverwoods, Illinois." *Id.* Mr. Garton also identifies third party witnesses in Miami, Florida; Lawton,

---

[5] The other defendants are Discover Bank, which is located in Delaware, and Morgan Stanley, which is located in New York. Morgan Stanley has separately moved to dismiss the complaint, arguing that it is not alleged to have had, and did not have, any involvement with plaintiffs' credit card accounts or DPP. The parties' briefing on the transfer motion focuses on the § 1404 factors only with respect to plaintiffs and the Discover defendants, and thus the Court does not address how the transfer factors apply to Morgan Stanley. However, Morgan Stanley has not opposed the transfer motion, and presumably as a New York corporation, Illinois would be more convenient than California for Morgan Stanley.

Oklahoma; and Panama City, Panama. *Id*. ¶ 7.

Plaintiffs assert that Mr. Garton's declaration is inadequate because he does not specifically describe the substance of the testimony of the identified witnesses. The Court disagrees and finds that the Garton declaration sufficiently describes the witnesses and their different areas of involvement and responsibility with regard to DPP. Plaintiffs also assert that any inconvenience to witnesses can be reduced by the use of videotaped depositions, and also that inconvenience to Discover witnesses should be discounted because Discover is a national corporation with ample resources. While defendants' resources and ability to use videotaped depositions are relevant to the transfer analysis, these factors alone cannot be used to require a defendant to litigate in a forum that is both inconvenient to defendants, witnesses, and to a large degree, plaintiffs themselves.

With one exception, the remaining factors in the § 1404(a) analysis are either neutral or weigh in favor of transfer. The parties agree that due to the choice-of-law provision in the cardmember agreement, as well as plaintiffs' allegation of a nationwide class, neither this Court nor the Illinois court is more familiar with the applicable law. The parties dispute the sixth factor, the feasibility of consolidation with other actions. Plaintiffs note that a similar case was recently filed in the Central District of California, and that the existence of that case weighs in favor of denying transfer so that this Court and the Central District court can coordinate discovery and litigation.[6] Discover has moved to stay that action, and argues that if the Central District denies the stay motion on the ground that the claims are distinct, a motion to transfer for purposes of consolidation would not be available. If *Conroy* is in fact duplicative of the claims in this case, that factor would militate against transfer. However, this factor alone, in the face of all of the other factors, is not enough to warrant keeping this case in this District. With respect to the local interest in the controversy, this factor is either neutral given that this case is brought as a nationwide class action, or weighs slightly in favor of Illinois, where Discover is headquartered. Finally, the parties agree that the court congestion and time to trial in both courts is similar and thus is neutral in the analysis.

---

[6] That case, *Conroy v. Discover Financial Services and Discover Bank*, No. 2:10-cv-5260-MMM-E (C.D. Cal.), is brought by a California resident and seeks to represent a California-only class under California law. The parties dispute the extent to which *Conroy*'s claims are duplicative of claims brought in this case, as well as whether Delaware or California law would apply in *Conroy*.

7

In sum, the Court concludes that the § 1404(a) factors weigh in favor of transferring this action to the Northern District of Illinois. The Court exercises its discretion and GRANTS Discover's motion to transfer venue.

## CONCLUSION

For the reasons discussed above, the Court GRANTS defendants' motion to transfer and TRANSFERS this case to the United States District Court for the Northern District of Illinois. (Docket No. 37). The Court DENIES all other pending motions without prejudice to renewal in the transferee court.

**IT IS SO ORDERED.**

Dated: October 25, 2010

SUSAN ILLSTON
United States District Judge