

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DISCOVER PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICE LITIGATION | Case No. 1:10-cv-06994-JWD<br><br>Judge John W. Darrah |

### ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FAIRNESS HEARING

**WHEREAS**, subject to Court approval, Plaintiffs Robert Ackerman, Diane Marie Alexander, Brian Boyce, Kathleen Callahan, Ulonda Carter, Jason Chan, Devavani Conroy, Jose Cruz, Anthony DeMarco, Jason Hart, Robert Hibbs, Shawn Irvine, Marti Kelmer, Michele Kraynak, Tammy Marsh, Karin Sack, Charles Triplett and Renee Walker ("Plaintiffs" or "Settlement Class Representatives"), on the one hand, and Discover Bank, acting on behalf of itself, its affiliated persons and entities and all persons and entities acting for or on its behalf (collectively, "Discover") on the other hand, entered into a Settlement Agreement dated October 13, 2011 (together with exhibits, the "Agreement") in proposed settlement of the following litigations: Walker v. Discover Financial Services, et al. (N.D. Ill. Case No. 10-cv-06994-JWD) (the "Walker Case"), Callahan v. Discover Financial Services, et al. (N.D. Ill. Case No. 1:10-cv-07181-JWD), Alexander v. Discover Financial Services, et al. (D.S.C. Case No. 7:10-cv-02754-HMH), Sack v. DFS Services LLC, et al. (W.D. Tenn. Case No. 2:10-cv-02906-JPM), Boyce v. DFS Services LLC, et al. (E.D. Pa. Case No. 2:11-cv-00265-LDD), Conroy v. Discover Financial Services, et al. (C.D. Cal. Case No. 2:10-cv-5260-MMM-E), Triplett v. Discover Financial Services, Inc., et al. (S.D. Fla. Case No. 1:11-cv-20519-AJ) and Carter v. Discover Financial Services, Inc., et al. (E.D. Pa. Case No. 2:11-cv-01656-BMS) (collectively, the "Actions"); and

**WHEREAS**, application has been made for preliminary approval of the settlement set forth in the Agreement (the "Settlement"), upon the terms and conditions in the Agreement. The Court has received and reviewed (i) the Agreement and all exhibits attached thereto; (ii) Plaintiffs' Memorandum in Support of the Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of Notice Plan, and Setting of Fairness Hearing and all Exhibits attached thereto; (iii) all other pleadings and matters of record; and (iv) the parties' arguments at the hearing; and

**WHEREAS**, the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined below).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of the Actions, the Settling Parties, and all Settlement Class Members.

2. The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Order.

3. Subject to this Court's authority to determine whether to finally approve the Settlement at the Final Approval Hearing described in Paragraph 21 of this Preliminary Approval Order:

   a) The Court hereby preliminarily approves the Agreement and the Settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and within the reasonable range of final approval, and as being the product of informed, arm's length negotiation by counsel, and directs the Settling Parties to proceed with the Settlement pursuant to the terms and conditions of the Agreement and exhibits thereto.

   b) The terms of the Agreement are preliminarily approved for the purpose of providing Class Notice to the Settlement Class.

4.  The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class in the <u>Walker</u> Case, subject to further consideration at the Fairness Hearing:

> All persons in the United States who were enrolled in or billed for Discover Payment Protection, AccountGuard, Identity Theft Protection, Profile Protect, Wallet Protection, The Register and/or Credit Score Tracker between January 21, 2004 and November 9, 2011.

5.  The Court hereby approves Plaintiffs as representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Plaintiffs have and will fairly and adequately protect the interests of the Settlement Class.

6.  This Court preliminarily finds that based on the (a) work Class Counsel have done in identifying, investigating, and prosecuting the claims in the Actions, (b) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the Actions, and (c) Class Counsel's knowledge of the applicable law and the resources Class Counsel have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. As such, the Court hereby also approves and designates as Class Counsel the law firms of Nagel Rice, LLP and Murray Frank LLP (Interim Co-Lead Counsel), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.  Plaintiffs and Class Counsel are authorized to enter into the Agreement on behalf of the Settlement Class, subject to final approval by this Court of the Settlement. Plaintiffs and Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by the Agreement or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Agreement.

8.  Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Agreement, shall

be considered as a factor in connection with any class certification issue(s) if the Agreement terminates or Final Approval does not occur.

9. Pending final approval of the Settlement, Discover shall advance on a reasonable and timely basis the amounts necessary to pay for costs of Class Notice and settlement administration; these advances shall be credited against the Settlement Amount. Prior to the Final Approval Hearing, the Settling Parties shall select the Escrow Agent and negotiate with the Escrow Agent a mutually acceptable escrow agreement (the "Escrow Agreement") that shall provide the terms and conditions governing the Settlement Fund to be established if the Settlement receives final approval. Notwithstanding any deadlines to the contrary in the Agreement, Discover shall not be required to make any payment into the Settlement Fund until the Escrow Agreement has been executed.

10. The Settlement Fund shall be subject to the continuing jurisdiction of the Court. The Escrow Agent shall not disburse any portion of the Settlement Fund except as provided in the Agreement and with the written agreement of Class Counsel and counsel for Discover or by order of the Court.

11. The Court hereby finds and orders that the proposed Class Notice program set forth in Section III.C.2 of the Agreement, and the Claims Process set forth in Section III.D.2 of the Agreement, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provide the best notice practicable under the circumstances to the members of the Settlement Class, provide individual notice to all members of the Settlement Class who or which can be identified through reasonable effort, and provide publication notice to members of the Settlement Class.

12. The Court hereby approves the form and substance of the Full Notice (attached to the Agreement as Exhibit G), the Statement Notice (attached to the Agreement as Exhibit B), the Publication Notice (attached to the Agreement as Exhibit C), the Postcard Notice (attached to the Agreement as Exhibit D), and the Claim Form (attached to the Agreement as Exhibit F). The Court hereby instructs the Settling Parties to proceed with Class Notice in the

LA 51443956v7

manner and on the schedule set forth in Sections III.C.2 and III.C.3 of the Agreement, provided that the Settling Parties, by agreement, may revise the Full Notice, the Statement Notice, the Postcard Notice, the Publication Notice, and/or the Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy and clarity and may adjust the layout of those documents for efficient mailing and/or electronic presentation.

13. Discover and/or the Settlement Administrator shall be responsible for providing Class Notice of the preliminarily approved Settlement to the Settlement Class in accordance with the provisions of the Agreement and this Preliminary Approval Order.

14. Within ninety (90) days of the entry of this Order (by February 7, 2012), Discover and/or the Settlement Administrator shall provide Class Notice to the Settlement Class in accordance with Section III.C.2 of the Agreement (the "Notice Deadline"). The deadline for submitting a claim shall be June 6, 2012.

15. Discover shall, at least fourteen (14) days prior to the Final Approval Hearing (by April 23, 2012), file with the Court a declaration or declarations confirming that Statement Notice was provided in accordance with the Agreement and describing the notices it provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

16. Class Counsel shall instruct the Settlement Administrator to file with the Court, by at least fourteen (14) days prior to the Fairness Hearing (by April 23, 2012), proof that Class Notice in addition to Statement Notice was provided in accordance with the Agreement.

17. The Class Notice will inform members of the Settlement Class of their right to submit a request for exclusion, or "opt-out," from the conditionally certified Settlement Class. The Class Notice will inform members of the Settlement Class that they may opt out of the Settlement by sending a written request ("Exclusion Request") to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline (March 23, 2012). Exclusion requests must: (i) be signed by the Settlement Class member for whose account(s) exclusion is requested; (ii) include the full name, address and

LA 51443956v7

account number(s) (if known) of the Settlement Class member requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in <u>In re Discover Marketing and Sales Practices Litigation</u>, United States District Court, Northern District of Illinois, Case No. 1:10-cv-06994-JWD." No Exclusion Request will be valid unless all of the information described above is included. No Settlement Class member, or any person acting on behalf of or in concert or participation with that Settlement Class member, may exclude any other Settlement Class member from the Settlement Class, except that an opt-out by any one holder of an account shall apply to the account as a whole, including all named account holders/authorized users and all Products in which the account was enrolled.

18. If a timely and valid Exclusion Request is made by a member of the Settlement Class, then that person shall not be a Settlement Class member, and the Agreement and any determinations, judgments, and/or orders concerning it shall not bind the excluded person.

19. All Settlement Class members who do not opt out of the Settlement in accordance with the terms set forth in the Agreement shall be bound by all determinations and judgments concerning the Agreement and the Settlement contemplated thereby, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in Section III.G. of the Agreement.

20. The Court's preliminary approval of the Settlement shall be subject to further consideration at the Final Approval Hearing to be held before this Court on May 8, 2012 at 9:30 a.m. The Court will determine at or following the Final Approval Hearing whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court, the amount of attorney's fees, costs, and expenses that should be awarded to Class Counsel, and any amounts to be awarded to the Settlement Class Representatives for their contributions to the Settlement Class. The date and time of the Fairness Hearing shall be set forth in the Class Notice. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Agreement.

LA 51443956v7

21. The Settling Parties shall make the following filings:

　　　a)　By no later than twenty (20) days prior to the Opt-Out and Objection Deadline, Class Counsel shall file an application for attorney's fees, Settlement Class Representatives' incentive awards, and reimbursement of costs and expenses, as contemplated in the Agreement.

　　　b)　By no later than fourteen (14) days prior to the Final Approval Hearing, Class Counsel and/or counsel for Discover shall file with the Court any papers in support of final approval of the Settlement, including any response to any timely filed objections to the Settlement. Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the Settlement (as described in Paragraph 23 below).

　　　c)　By no later than fourteen (14) days prior to Final Approval Hearing, Class Counsel shall cause to be filed with the Clerk of this Court: (a) a list of Settlement Class Members who made timely and proper Exclusion Requests; and (b) a response to any objection to the request for an award of Attorneys' Fees and Expenses of Class Counsel.

22. Any member of the Settlement Class may appear at the Final Approval Hearing, in person or by counsel (if an appearance is filed and served), and may be heard, to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement, the application for an award of attorney's fees, costs, and expenses to Class Counsel, and any compensation to be awarded to the Settlement Class Representatives. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the application for an award of attorney's fees, costs, and expenses to Class Counsel, or to any compensation to be awarded to the Settlement Class Representatives unless, no later than the Opt-Out and Objection Deadline, such member of the Settlement Class files with the Clerk of the Court a notice of an intention to appear together with a statement that indicates all bases for such opposition along with any supporting documentation, including proof of membership in the Settlement Class, and legal authority, if any, supporting the objection. Copies of such notice, statement, and documentation, together with copies of any other papers or briefs

filed with the Court, must be simultaneously delivered to Class Counsel and counsel for Discover. Any Settlement Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Agreement.

23. The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind; therefore, any Settlement Class Member intending to attend the Final Approval Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time, and location of the Final Approval Hearing with Class Counsel.

24. All members of the Settlement Class, except those members of the Settlement Class who validly opt-out and submit timely Exclusion Requests, shall be bound by all determinations and judgments in the Actions, whether favorable or unfavorable to the Settlement Class.

25. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the <u>Walker</u> Case are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay shall be immediately terminated.

26. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and each Settlement Class Member is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties; provided, that this injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. Such injunction shall remain in force until Final Approval or until such time as the Settling Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any

actions to stay and/or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, and the Settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

27. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement shall be without prejudice to the right of Discover or the Settlement Class Representatives to assert any right or position that could have been asserted if this Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the Parties shall return to the *status quo ante* in the Actions and the certification of the Settlement Class shall be deemed vacated. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues.

28. If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Settling Parties, the Settlement Class Members, and the Walker Case, in each case only with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class Members.

29. In the event that any of the provisions of this Preliminary Approval Order is asserted by Discover as a defense in whole or in part to any Released Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Settling Parties irrevocably waive and agree not

9

to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's flexibility and authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

30. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Discover, or the truth of any of the claims, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and/or the Final Judgment and Order of Dismissal.

**IT IS SO ORDERED.**

Dated: November 9, 2011

_____
The Honorable John W. Darrah
United States District Court Judge