

FILED
MAR 23 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DISCOVER PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICE LITIGATION<br><br>WALKER v. DISCOVER FINANCIAL SERVICES | Case No. 1:10-cv-06994 - JWD<br><br>Judge John W. Darrah |

## OBJECTION BY RICHARD P. STAMER, JR. TO PROPOSED SETTLEMENT AGREEMENT

Comes Now Richard P. Stamer, Jr., and herewith files this "Objection By Richard P. Stamer, Jr. To Proposed Settlement Agreement" (hereafter "Objection"). In support of his Objection, Richard P. Stamer, Jr. states as follows:

1. At all times relevant herein, Richard P. Stamer, Jr., was (and is) a citizen of Illinois and resides at 221 West Union, Edwardsville, Illinois, 62025.

2. At all times relevant herein, upon information and belief, Richard P. Stamer, Jr. was (and is) a member of the Settlement Class that this Court conditionally certified. To the extent Richard P. Stamer is required, pursuant to the terms of the Settlement Agreement to further provide "proof" of his membership in the Settlement Class, as required by Section III.I.2, Richard P. Stamer, Jr. objects to such a requirement as unduly oppressive and a violation of his rights to due process of law. [Doc. 148-1, p. 24.] Discover Financial Services is in possession of all of the names of the individual Settlement Class members and Richard P. Stamer, Jr. should not be required to prove

anything other than the fact that he received the "Postcard" notice. [*See*, Richard P. Stamer, Jr.'s Postcard Notice attached hereto as Exhibit A.]

3. Pursuant to the entry of the "Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action settlement, (3) Approving Notice Plan, And (4) Setting Fairness Hearing,"[1] [Doc. #153] " this Court preliminarily approved a Settlement Class and Notice Plan that violates Rule 23 of the Federal Rules of Civil Procedure in a multitude of ways, violates procedural and substantive due process of law and, thus, cannot be the subject of any final order from this Court.

4. "**NOTICE**." Pursuant paragraph 11 of the Preliminary Approval Order, this Court found that the "Class Notice program" identified in Section III.C.2 of the Settlement Agreement ("Agreement") fully satisfied Rule 23 of the Federal Rules of Civil Procedure and complied with the procedural requirements of "due process" and was the "best notice practical under the circumstances to the members of the settlement class." The Court erred when it made these findings.

5. In paragraph 12 of the Preliminary Approval Order, this Court approved the form and substance of the "Full Notice," (Exhibit G); approved the "Statement Notice," (Exhibit B), approved the "Publication Notice," (Exhibit C), and the "Postcard Notice" (Exhibit D). The Court further instructed the "Settling Parties" to proceed "with Class Notice in the manner and on the schedule set forth in Sections III.C.2 and III.C.3 of the Agreement." [Doc. 153, ¶ 12.]

6. The forms of notice mailed to the Settlement Class members were inadequate and violated due process for the following reasons:

2

a. Current Discover cardholders were given more information than members of the Settlement Class who were past cardholders. Specifically, although Exhibit B to the Settlement Agreement does not contain the specific language that is supposed to be used, the Settlement Agreement clearly requires that "if the Settlement Class Member currently is enrolled in at least one Product, the Statement Notice also will remind them of their enrollment(s) in the Product(s) and their right to cancel and provide a toll-free number for questions or cancellations." [*See*, Doc. 148-1, p. 9; Section III.C.2 of Settlement Agreement.] This additional information provides current cardholders with an advantage over past cardholders in the claim process.

b. As set forth in the Statement Notice as well as the Postcard Notice, these are only **summaries** of the Settlement. As set out more fully hereafter, the amount of information set forth in both forms of notice is inadequate to allow Settlement Class members to fully understand their rights.

c. The Postcard Notice that was actually delivered is in 8 point font or less and is very difficult to read. [*See*, Exhibit A attached hereto.] The fact that the print is so small runs contrary to the requirements that notice be effective and the best practicable in order for due process to attach. As such, this notice violates the provisions of Rule 23(c)(2)(B) and Rule 23(e)(1) of the Federal Rules of Civil Procedure.

d. The Publication Notice is inadequate as the U.S.A. Today reaches only a small portion of the potential Settlement Class members. Moreover, the fact that it was only being published once illustrates that such notice would be ineffective, as there is no opportunity for real market penetration. Further, the size of the ad is not identified. If, like the Postcard Notice, the advertisement is in small font, then the "Publication Notice" is inadequate and nothing more than window-dressing in an attempt to placate Rule 23(c)(2)(B) and Rule 23(e)(1).

e. Discover has a very user-friendly web site that has "tabs" for customers that include:
- Home
- Our Company
- Investor Relations
- Newsroom

---

[1] The Court's Order is hereafter referred to generally as the "Preliminary Approval Order."

- Corporate Responsibility
- Careers.[2]

f. Discover Financial Services ("Discover") should have posted notice of this Settlement on its web site, where on-line users of Discover could easily be made aware of the potential for claims.

g. Nowhere can a Settlement Class member receive information regarding this Settlement except at a non-descript website called www.walkersettlement.com. The creation of this website does not allow search engines, such as Google, to recognize from the URL that this is a settlement involving Discover. Instead, it uses the name of a Plaintiff which precludes Settlement Class members from searching for this Settlement on line.

h. Further, the website identified as www.walkersettlement.com contains so little content (except for the pdf documents), that search engines, such as Google, fail to recognize that this is a settlement involving Discover.

i. The fourth form of notice, referred to as the "Full Notice," is only available on the settlement website, and was the only form of notice that complied with those notices approved by the Federal Judicial Center web site. *See*, http://www.fjc.gov. This is the form of notice that should have been sent, via First Class mail, to all Settlement Class members.

7. Richard P. Stamer, Jr. ("Stamer" or "Objector") received the Postcard Notice. Therefore, Stamer must be a member of a Settlement Class which has filed the Settlement Agreement for consideration by this Court. This Court has scheduled a Final Fairness Hearing for May 8, 2012.

8. As set forth above, Stamer objects to the adequacy and form of individual notice in that it violates the basic requirements of substantive and procedural due process and is contrary to Rule 23(c)(2)(B) which requires that:

---

[2] *See*, www.discoverfinancial.com.

> (B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court **must** direct to class members the **best notice that is practicable under the circumstances**, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and,
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

9. It appears that the parties to this Settlement Agreement have attempted to save money by sending a summary notice in the form of a "Postcard Notice" and "Statement Notice" instead of using the more expensive form of individual notice that would give Settlement Class members better information to make an informed choice, as required by Fed.R.Civ.P. 23(c)(2)(B). The attempt to save money on notice is further exemplified by the fact that Discover is going to reach its "current" members by inserting the "Statement Notice" as a part of the billing that is sent to current cardholders.

10. Anything short of compliance with Federal Rule 23 is not acceptable and due process cannot attach to the Settlement Class members. As such, this Court cannot approve the Settlement.

11. For more than 35 years, Courts have followed the dictates of *Eisen v. Carlisle*, 94 S.Ct. 2140 (1974), wherein the United States Supreme Court specifically stated:

> the court is required to direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort. We think the import of this language is unmistakable. Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort.

Id., 2150.

12. Citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), a case dealing with publication in lieu of individual notice, the U.S. Supreme Court observed:

> notice and an opportunity to be heard were fundamental requisites of the constitutional guarantee of procedural due process. ... But when notice is a person's due, **process which is a mere gesture is not due process.** The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected. [emphasis added] Id., 2151.

13. In *Eisen*, the names and addresses of 2,250,000 class members were known and ascertainable. Plaintiffs complained that sending individual notice would be expensive and that publication notice could suffice. The *Eisen* Court was not sympathetic, commenting:

> The short answer to these arguments is that individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23. As the Advisory Committee's Note explained, the Rule was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit...Accordingly, each class member who can be identified through reasonable effort must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management

of the action. **There is nothing in Rule 23 to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs.**

Id., 2152.

14. The Federal Judicial Center is the research and education agency of the Federal judicial system. It was established by Congress in 1967 (28 U.S.C. 620-629) on the recommendation of the Judicial Conference of the United States. (*See*, www.fjc.gov).

15. The Federal Judicial Center has published the *Manual For Complex Litigation* (hereafter "Manual"), which is designed to assist judges in various areas of complex litigation, including class actions. The Manual deals with the issue of notice as follows:

> Notice is a critical part of class action practice. It provides the structural assurance of fairness that permits representative parties to bind absent class members. In a Rule 23(b)(3) class, notice conveys the information absent class members need to decide whether to opt out and the opportunity to do so. In all class actions, notice provides an opportunity for class members to participate in the litigation, to monitor the performance of class representatives and class counsel, and to ensure that the predictions of adequate representation made at the time of certification are fulfilled.

*Manual For Complex Litigation* (Fourth) 21.31, at 347.

16. Mimicking Rule 23(c)(2)(B), the Manual further explains:

> Rule 23(c)(2)(B) specifies information that **must be included** in a notice, such as the nature of the action, the definition of the class, and the claims, issues, and defenses to be litigated. The rule requires that notices state essential terms "concisely and clearly... in **plain, easily understood language**. [emphasis added.]

*Id.*

7

17. This kind of information was not set forth in the "Statement Notice" or the "Postcard Notice" issued to the members of the Settlement Class and did not even attempt to convey the information required by Rule 23(c)(2)(B). Instead, the notices were too brief, confusing and left the reader wondering why such a notice was issued.

18. Further, as discussed infra, the forms of notice directly mislead the reader. Both the Statement Notice and the Postcard Notice state: "Discover has agreed to establish a settlement fund of $10.5 million." In the next paragraph of both the "Statement Notice" and the "Postcard Notice," the following statement appears: "*In addition to payments to the Settlement Class Members*, the Settlement provides for not more than $3,500,000.00 in attorney's fees, costs and $2,500 service awards for the representative plaintiffs to be sought from the Court by counsel for the Settlement Class." The only conclusion that can be drawn from this is that Discover will pay the attorney's fees, costs and service awards "in addition" to the Settlement amount. This fact is not true.

19. Indeed, the Settlement Agreement clearly requires that the attorney's fees, costs, and service awards are to be deducted from the Settlement fund of $10.5 million dollars. [Doc. 148-1, pp. 15 – 16.] Moreover, the **costs of notice, up to $1.5 million, are also deducted** from the Settlement Fund. [Doc. 148-1, p. 10: Section III.C.3.] The Settlement Class members are never given this information. Thus, the Class members cannot determine, based upon any of the forms of notice, the true value of the Settlement Fund being offered.

8

20. The true value of the Settlement Fund is far less than the $10.5 million represented to the Settlement Class. The real number is unknown. The deduction of $5 million for attorney's fees and notice leaves $5.5 million. However, from that amount are additional, unknown "costs," and service awards that may total $45,000.00 (18 Plaintiffs x $2,500 each).

21. Settlement Class members **are not told** that **current** Discover cardholders may receive a mere credit, rather than money, in the event a claim is made. This determination has been left to the sole discretion of Discover. [Doc. 148-1, p. 14.] Where credits are made, Discover is then entitled to reimbursement from the Settlement Fund for those credits, thereby diminishing the Settlement Fund even further. No estimation of the amount that can be deducted from the Settlement Fund is available.

22. The Settlement Agreement also contemplates that there may be more claims than money available to pay those claims and provides, that in such an event, there will be a pro-rata downward application to payment of the claims. None of these facts are ever offered to the members of the Settlement Class in any form of notice. This is unfair and a denial of due process.

23. In the instant litigation, Discover has the names and addresses of the Settlement Class members. This is obvious from the fact that Discover has agreed to mail the "Postcard Notice to the most recent addresses shown in Discover's reasonably accessible account records after updating those addresses using the National Change of Address database...." [Doc. 148-1, p. 9; Section III.C.2.(b).] Therefore, requiring members of the Settlement Class to obtain the "Full Notice" from a website or by calling

9

a toll free number is not a substitute for the individual notice required by Rule 23(c)(2) and the requirements set forth in Rule 23(c)(2)(B).

24.     As noted previously, the Manual indicates that one purpose of notice is to provide an opportunity for class members to participate in the litigation. Class members cannot do so unless they are given significant information about the settlement and understand its terms.

25.     There is no precedent in the Seventh Circuit that would allow this Court to substitute the Statement Notice or the Postcard Notice in lieu of the Full Notice that should have been sent to individual members of the Settlement Class. The Manual specifically offers guidance on "Settlement Notice" in Section 21.312, and states:

> In general settlement notices should be delivered or communicated to class members in the same manner as certification notices. As with certification notices, individual notice is required, where practicable in Rule 23(b)(3) actions. Posting notices and other information on the Internet, publishing short, attention-getting notices in newspapers and magazines, and issuing public service announcements may be viable substitutes for, **or more often supplements to, individual notice if that is not reasonably practicable.**

*Id., Section 21.312, at 353.*

26.     It is ironic that the parties have called the Internet Notice the "Full Notice," as this is the only form used that satisfies the recommendations of the Federal Judicial Center. The other two forms of notice that were sent to members of the Settlement Class are referred to by the parties as mere "summaries."

27.     The methodology utilized by the parties is inadequate and unfair, and places the burden on Settlement Class members to try to find out what this litigation is

about, contrary to Rule 23(c)(2), the *Manual For Complex Litigation* (Fourth), the ruling in *Eisen* and subsequent cases that have examined the due process issue.

28. As noted previously, forms of notice should be simple to read and easy to understand if the notice is going to fulfill the requirements of Rule 23(c)(2). Federal Rule of Civil Procedure 23(c)(2)(B) mandates that the notices must **clearly and concisely state in plain, easily understood language the specific information about the nature and terms of a class action and how it might affect potential class members' rights**. Only the Full Notice makes any effort to comply with the Rule, but this was **not** the notice mailed to individual members of the Settlement Class. (*See*, Rule 23(c)(2)(B) and Federal Judicial Center, Class Action Notices Page, http://www.fjc.gov.)

29. **THE SETTLEMENT CLASS CAN NEVER BE CERTIFIED**. This Court has preliminarily certified a Class as follows:

> All persons in the United States who were enrolled in or billed for Discover Payment Protection, AccountGuard, Identity Theft Protection, Profile Protect, Wallet Protection, The Register and/or Credit Score Tracker between January 21, 2004 and November 9, 2011.

30. In order to grant Final Approval to this Class, this Court must find that the requirements of both Rule 23(a) and Rule 23(b)(3) have been satisfied. Here, the Court will never reach the requirements of Rule 23(b), as the requirements of Rule 23(a) cannot be satisfied.

31. In *Amchem v. Windsor*, 521 U.S. 591, at 619, 117 S.Ct. 2231 (1997), the U.S. Supreme Court "granted review to decide the role settlement may play, under existing Rule 23, in determining the propriety of class certification." The Court answered the question by explaining, that when:

11

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule - those designed to protect absentees by blocking unwarranted or overbroad class definitions - **demand undiluted, even heightened, attention in the settlement context**. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Id.*, at 620.

32. Therefore, in order for this Court to approve the Settlement Agreement entered into by the parties herein, this Court must find that **all** of the requirements of Rule 23 are satisfied.

33. The Court should not approve the Settlement Agreement under Rule 23 because the members of the Settlement Class lack commonality, as required under Rule 23(a)(2).

34. As recently stated by the U.S. Supreme Court in *Wal-Mart v. Dukes*, 131 S.Ct. 2541, 2545, (June 20, 2011):

> Rule 23(a)(2) requires a party seeking class certification to prove that the class has common "questions of law or fact." Their claims must depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

35. Here, the Settlement Agreement identifies the fact that "Discover Bank offers its cardmembers a financial product called Discover Payment Protection ("DPP") which allows cardmembers to defer or cancel payments on their credit card accounts under certain circumstances in exchange for payment of a fee. DPP was formerly known as Discover AccountGuard." [Doc. 148-1, p. 1; Section I.A.]

36. The Settlement Agreement then identifies "three other fee-based products, Identity Theft Protection ("ITP") (formerly known as "Profile Protect"), Wallet Protection ("WP") (formerly known as "The Register") and Credit Score Tracker ("CST") .... **_Although ITP, WP and CST provide benefits that differ from DPP_**, they have been similarly marketed and administered and it has been alleged that they are subject to certain claims similar to those alleged with respect to DPP." [Doc. 148-1, p. 3; Section I.D.]

37. Thus, in the very words of the Settlement Agreement, the parties acknowledge there are differences in these various programs. No effort is made, even in the language of the Settlement Agreement, to satisfy the requirement of commonality, as required by Rule 23(a)(2). The parties merely point to "similarities," a concept far different than commonality. Where there are such differences, the Settlement Class that had been preliminarily approved by this Court cannot satisfy the test for commonality under Rule 23(a)(2) as identified in *Wal-Mart*.

38. This lack of commonality is further exemplified by the various kinds of claims that are available to the Settlement Class. Moreover, each different claim has sub-categories. The fact that Class Counsel had to divide the Settlement Fund amongst various kinds of claims and then create sub-categories with differing recoveries defies commonality. Therefore, this Settlement Class cannot be certified.

39. **LACK OF TYPICALITY.** There are too many kinds of Settlement Class members, covering a variety of different "Products," all represented by the same Plaintiffs. There is no way to know whether the named Plaintiffs can represent each member of the various subsets of products identified. Without some proof of this fact,

13

the named Settlement Class representatives cannot be deemed typical of the DPP Claimants and the sub-categories of funds being awarded thereunder; cannot be typical of the ITP Claims and the sub-categories of funds being awarded thereunder; cannot be typical of the WP Claims and the sub-categories of funds being awarded thereunder; and cannot be typical of the CST Claims and the sub-categories of funds being awarded thereunder. Therefore, the named Plaintiffs do not satisfy the requirements of Rule 23(a)(3).

40. Even if sub-classes were created, Class Counsel cannot adequately represent all of the sub-classes without a conflict of interest.

41. **THE REPRESENTATIVE PARTIES HAVE NOT FAIRLY AND ADEQUATELY PROTECTED THE INTEREST OF THE SETTLEMENT CLASS, CONTRARY TO RULE 23(a)(4).** Because the same Plaintiffs and the same Class Counsel have attempted to represent all of the interests in this litigation, they are not adequate. There is an inherent conflict amongst the various kinds of claims, as demonstrated by the differing amounts that the Settlement Class members might receive. [Doc. 148-1, pp. 11-14 ; Section III.D.]

42. As noted previously, current Discover cardholders may receive a mere credit, rather than money, in the event a claim is made. This determination has been left to the sole discretion of Discover. [Doc. 148-1, p. 14.] Where credits are made, Discover is then entitled to reimbursement from the Settlement Fund for those credits. In light of the foregoing, Settlement Class members are treated disparately from one another, even in the same claim categories. Therefore, Plaintiffs have not adequately protected the interests of the entire Class contrary to Rule 23(a)(4).

43. Rule 23(e)(2) requires that this Court only approve the Settlement herein if it is "fair, reasonable, and adequate." In addition to the matters previously set forth herein, Richard P. Stamer, Jr., on behalf of himself and all others similarly situated, objects to the Settlement Agreement because the terms thereof are not fair, not reasonable and are inadequate. In further support of his Objection, Richard P. Stamer, Jr., states as follows:

   a. The creation of the Settlement Fund is deceptive in that Settlement Class members are without any knowledge regarding the anticipated number of claims to be satisfied from the fund.

   b. The Settlement Agreement contains a complicated multi-claim scheme for payments where there are different kinds of claims, different monetary categories, a pro-rata down scheme, and excessive attorney's fees in light of the benefits conferred on the members of the Class.

   c. The entire claim scheme is illusory, as the parties to this Settlement Agreement know the true amount of damages because Discover is in possession of the records that reflect same. Without some minimal information, Class Members are incapable of evaluating the fairness of the Settlement Fund.

   d. The claim process and claim form are oppressive in that they require the Class member to identify, with specificity, the "Product" he/she had. For Settlement Class members who no longer have Discover accounts, this requirement cannot be met and excludes the opportunity for a Class member to collect. Discover has the information and intends to provide it to its current customers. Not to provide it to past customers is unfair and prevents a real claims' process. Moreover, it is yet another example of disparate treatment between current and past Settlement Class members, thereby making Class Counsel inadequate under Rule 23(a)(4).

44. In light of all of the foregoing, Richard P. Stamer. Jr., on behalf of himself and all others similarly situated, objects to the Settlement Agreement herein and requests that this Court decline Final Approval and decertify the Class.

WHEREFORE, Richard P. Stamer, Jr. prays for an Order of this Court granting his objections to the terms of the Settlement Agreement herein. Further, Richard P. Stamer, Jr. prays for relief as follows:

    A.    For an Order granting Richard P. Stamer, Jr. limited discovery on the issues set forth above, including, but not limited to: the number of Settlement Class members in each claim category and the number of current Discover account holders versus past account holders; and,

    B.    For a finding that the Settlement Class definition is overly broad, and a finding that the monetary relief in the Settlement Fund is inadequate; and,

    C.    For a finding that the Settlement Class lacks commonality and cannot be certified; and,

    D.    For a finding that the forms of notice issued in pursuit of this Settlement violated Rule 23(c)(2)(B) and denied Settlement Class members procedural and substantive due process; and,

    E.    For a finding that the Plaintiffs, as class representatives, are not typical of other members of the Settlement Class, considering all of the different claim categories and sub-categories; and,

    F.    For a finding that the Plaintiffs, as class representatives, are not adequate and have not adequately protected the interests of the Settlement Class; and,

    G.    For a finding that Class Counsel cannot represent all of the different claim categories and sub-categories and, therefore, have conflicts of interest with the various members of the Settlement Class; and,

H.   For a finding that Class Counsel, in light of their conflicts, are not adequate and have not adequately protected the interests of the various members of the Settlement Class; and,

I.   For a finding that the Settlement Agreement presented by the parties herein is not fair, adequate or reasonable under all of the circumstances; and,

J.   For an Order decertifying the Settlement Class; and,

K.   For such further relief as is proper under the circumstances.

Respectfully submitted,

Richard P. Stamer, Jr

*Contact for Richard P. Stamer, Jr.:*

D. Keith Short
Short & Smith, P.C.
515 E Madison Ave.
Wood River, IL 62095
Telephone:   618-254-0055
Toll Free:   800-421-0960
Facsimile:   618-254-1272

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2012 the foregoing was <u>emailed</u> to the attorneys identified below and sent, <u>via FedEx</u>, to the following:

Clerk of the Court
U.S. District Court
For the Northern District of Illinois,
Eastern Division
219 South Dearborn Street
Chicago, Illinois 60604


Dianne E. Sammons, Esq.
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
dsammons@nagelrice.com

*Class Counsel*


Julia B. Strickland
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, California 90067
spearson@stroock.com

*Counsel for Discover*

_____
[signature]