```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


    RENEE WALKER, et al.,        )
                                 )
                    Plaintiffs,  )
                                 )
                                 )
     -vs-                        )  Case No. 10 C 6994
                                 )
                                 )  Chicago, Illinois
    DISCOVER FINANCIAL SERVICES, )  May 10, 2012
    INC., et al.,                )  10:30 o'clock a.m.
                                 )
                    Defendants.  )
    _____)
    KATHLEEN CALLAHAN,           )
    individually and on behalf of)
    all others similarly situated,)
                                 )
                    Plaintiffs,  )
                                 )  Case No. 10 C 7181
     -vs-                        )
                                 )
    DISCOVER FINANCIAL SERVICES, )
    INC., et al.,                )
                                 )
                    Defendants.  )
```

                    TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE JOHN W. DARRAH

APPEARANCES:

For Plaintiffs Walker,    NAGEL RICE LLP
Callahan, Boyce and       BY:  MS. DIANE E. SAMMONS
Sack:                     103 Eisenhower Parkway
                          Suite 103
                          Roseland, New Jersey 07068

Case: 1:10-cv-06994 Document #: 181 Filed: 06/04/12 Page 2 of 11 PageID #:2750    2

```
 1    APPEARANCES:   (Continued)

 2    For the Triplett and        MILLER LAW LLC
      Carter Plaintiffs:          BY:  MR. MARVIN ALAN MILLER
 3                                115 South LaSalle Street, Suite 2910
                                  Chicago, Illinois 60603
 4
                                  LEIFF CABRASER HEIMANN &
 5                                BERNSTEIN LLP
                                  BY:  MS. RACHEL GEMAN
 6                                250 Hudson Street, 8th Floor
                                  New York, New York 10013
 7
      For the Conroy              MURRAY FRANK LLP
 8    Plaintiffs:                 BY:  MR. BRIAN MURRAY
                                  275 Madison Avenue, Suite 801
 9                                New York, New York 10016

10    For the Discover            SIDLEY AUSTIN LLP
      Defendants:                 BY: MR. THEODORE R. SCARBOROUGH, JR.
11                                One South Dearborn Street
                                  Chicago, Illinois 60603
12
                                  STROOCK & STROOCK & LAVAN LLP
13                                BY:  MS. JULIA B. STRICKLAND
                                       MR. SCOTT MICHAEL PEARSON
14                                2029 Century Park East, Suite 1600
                                  Los Angeles, California 90067
15
      Court Reporter:             MS. MARY M. HACKER
16                                Official Court Reporter
                                  219 South Dearborn Street
17                                Room 1212
                                  Chicago, Illinois 60604
18                                (312) 435-5564
                                  Mary_Hacker@ilnd.uscourts.gov
19

20

21

22

23

24

25
```

```
 1              THE CLERK:  10 C 6994, Walker versus Discover
 2    Financial Services.
 3              THE COURT:  Good morning, all.
 4              MR. MILLER:  Good morning.  Marvin Miller on behalf
 5    of the plaintiffs, Judge.
 6              MR. MURRAY:  Brian Murray, Murray Frank, on behalf
 7    of plaintiffs.
 8              THE COURT:  Mr. Miller, Mr. Murray.
 9              MS. SAMMONS:  Diane Sammons, Nagel Rice, on behalf
10    of plaintiffs, your Honor.
11              THE COURT:  Ms. Sammons.
12              MS. GEMAN:  Good morning.  Rachel Geman on behalf
13    of plaintiff.
14              THE COURT:  Ms. Geman, good morning.
15              MS. STRICKLAND:  Good morning, your Honor.  Julia
16    Strickland of Stroock & Stroock & Lavan on behalf of
17    Discover.
18              THE COURT:  Good morning, Ms. Strickland.
19              MR. PEARSON:  Good morning, your Honor.  Scott
20    Pearson for Discover.
21              THE COURT:  Good morning, sir.
22              MR. SCARBOROUGH:  Good morning, your Honor.  Robert
23    Scarborough on behalf of Discover.
24              THE COURT:  Good morning, Mr. Scarborough.
25              This matter comes on for approval of a final
```

1  settlement.
2        As a preliminary matter, I am in receipt of two
3  claim forms from class members, and I am going to give them
4  to the parties.  Will you see that they get in the proper
5  hands?  One is from Eunice Rizza of Hardwick, Vermont, and
6  the other is from William Granger of Abington, Pennsylvania.
7        MR. PEARSON:  Your Honor, I would be happy to make
8  sure that those get to the settlement administrator.
9        THE COURT:  Okay.  Thank you.
10       I also reviewed the entire file, particularly
11 including -- well, I should say plaintiff and defendant both
12 moved, pursuant to local Rule 7.1(g), to exceed the 15-page
13 limitation.  For the record, that's granted.
14       Off the record.
15    (Discussion had off the record.)
16       THE COURT:  And I read the plaintiffs' memorandum
17 of law in support of the final approval of the class, and
18 also response to the objection to the settlement agreement.
19 I read the settlement agreement, and there's a response in
20 there regarding attorneys' fees and expenses of counsel, a
21 response to the objections of those claims.
22       I also read defendants' motion in support of final
23 approval.  They also filed a motion to exceed the page
24 limitation and that's granted.
25       I read the joint declarations of Diane Sammons and

1   Brian Murray in support of final approval of the class action
2   settlement, response to the timely objections.  And that
3   document contains two affidavits:  The affidavit of Judge
4   Phillips, who participated as a mediator, as well as Jonathan
5   Marks, who did the same.
6        And then I also read the affidavit of Tore Hodne,
7   Senior Project Administrator at Rust Consulting, who
8   administered the class notification.
9        I also read the letters of the objectors, and some
10  of them would have made great witnesses for Discover if the
11  case had gone to trial.
12       (Laughter.)
13       THE COURT:  I also read the letters sent by
14  plaintiffs to the objectors regarding the sua sponte
15  continuance that the Court had entered.
16       The objectors -- Kelv Cutler writes that he objects
17  to the settlement because "my experience with Discover and
18  their protection services have been good and I felt their
19  account/sales representatives were transparent in the
20  marketing."
21       So if the settlement were to fall through, you
22  would want to keep this person.  He would be a very good
23  Discover witness.
24       I read the -- Brian Stoltenberg writes:  "To my
25  recollection, the terms and conditions of the programs that

1  Discover Financial Services offers were well defined."

2  Julie Archer wrote an eleven page letter -- a
3  letter with attachments, coming to eleven pages; the letter
4  was five pages. And she says that Discover didn't enroll her
5  in anything without her consent, that people have to read the
6  mailings they receive from the credit card people, that
7  people have to -- here's a line I want you all to take to
8  heart. She says on Page 3, quote, "It's time for people to
9  start being responsible for themselves, not allowing lawyers
10 to help them make excuses for going over their credit card
11 limit and thereby accruing extra fees and charges because
12 they allowed them to get to that point." So I admonish you,
13 don't any of you assist in doing that.

14 I read the letter from Mr. Kolb of West Columbia,
15 South Carolina, and he has an issue with the entire process.
16 He finds that the settlement calls for him to give up their
17 rights, and he holds that it's unconstitutional and
18 unconscionable.

19 Tracey Gordon writes that -- she's from Nottingham,
20 Maryland -- that because of the terms of this -- she did not
21 agree with the terms of the settlement because Discover
22 Protection of Discover Account Guard, formerly known as DDP,
23 ran up thousands of dollars on her card.

24 Mr. Phanendharnadh Kone writes that he didn't have
25 time to check all his records to Discover regarding the four

1    plans because he was busy with precise weather monitoring.
2         MS. STRICKLAND: Your Honor, he's actually an
3    opt-out and not an objector.
4         THE COURT: I see.
5         MR. PEARSON: Your Honor, could I just interpose
6    one other comment about that?
7         That particular letter contains the full credit
8    card numbers for this particular card member --
9         THE COURT: I'll keep it in private.
10        MR. PEARSON: It would be great if that could be
11   taken out of the court file so his identity can't be stolen.
12        THE COURT: Let's do this: Why don't I ask you --
13   it will be removed from the court file. Will you replace it
14   with a redacted letter?
15        MR. PEARSON: We would be happy to do that, your
16   Honor.
17        THE COURT: Okay.
18        Mr. Kone has his priorities, and keeping track of
19   precise weather monitoring trumps going through his credit
20   card receipts.
21        I have a letter from Aaron Petrus, who obviously
22   took a course in Federal Civil Procedure and paid particular
23   attention to Federal Rule 23. He talks about the attorneys'
24   fees being excessive, either under the lodestar or percentage
25   of recovery basis.

1   And then Richard Stamer withdrew his objection, but
2   his objection was very interesting as well.  He takes issue
3   with the objection that was withdrawn, as to almost every
4   component of this proceeding as being in violation of
5   Rule 23.  He cites that manual on class action -- Manual for
6   Complex Litigation and then he withdrew his objection.  But
7   it was very well stated.
8   　　　So I will overrule all the objections.  I find that
9   based on the overwhelming approval of the class members and
10  the substance of these objections, that the objections are
11  properly denied.
12  　　　I also read plaintiffs' memorandum in support of an
13  award of attorneys' fees.  And I reviewed the memoranda in
14  support of preliminary approval, which contains some of the
15  same materials, just for my own benefit.  And I reviewed --
16  obviously looked at the settlement agreement itself.
17  　　　Finally, I was presented with a final order and
18  judgment for final approval.  Based on everything I've read,
19  I find that all of the requirements for final approval have
20  been shown in the papers and affidavits and other documents
21  that I just referred to, and I won't recite them here.
22  　　　So I enter final approval and judgment of the
23  settlement.
24  　　　Can I just sign this order that you provided?  Do I
25  have the right one?

1     MR. MILLER: As long as it doesn't have your
2  initials after the case number, Judge, it's the right one.
3     THE COURT: It doesn't.
4     We're off the record.
5     (Discussion had off the record.)
6     THE COURT: Now, the issue of attorneys' fees, I
7  read that very carefully. I note that the settlement
8  agreement capped any fees at the sum of $3.5 million, and the
9  memorandum in support of fees and costs here is well within
10 that. And again, I find that all the criteria for the award
11 of attorneys' fees in the amount prayed for of $3,241,949.16
12 is fair and reasonable. I note that it represents less than
13 a third of the total recovery, 30.9, something like that.
14     I also approve costs in the amount of $258,050.84.
15 And I approve an award for service to the 18 representative
16 plaintiffs of $2,500 each.
17     Do you have a draft order regarding attorneys'
18 fees?
19     MR. MILLER: We don't, Judge. If you want --
20    MS. SAMMONS: It was already submitted.
21    MR. MILLER: It was submitted?
22    MS. SAMMONS: Yes.
23    THE COURT: It was electronically filed?
24    MS. SAMMONS: We're not sure, your Honor. We
25 thought it was submitted with the original papers, which were

1  due back in March, but we can check on that.
2          THE COURT:  Why don't you do that.
3          MR. MILLER:  If not, Judge, I'll have another one
4  over to you today.
5          THE COURT:  We'll be here all day, so -- anything
6  else?
7          MS. STRICKLAND:  Nothing other than to say thank
8  you for all of the attention to the matter.  I know you
9  devoted an enormous amount of attention to this, your Honor,
10 and we very much appreciate it.
11         THE COURT:  It was really an interesting case.
12         I should have also commented, too, that I got very
13 interested in this litigation.  You cited the Chase and --
14 what was the other?
15         MS. SAMMONS:  Capital One.
16         THE COURT:  -- Capital One and Chase litigation
17 that you said kind of provides you with somewhat of a
18 template for this litigation.  I got interested in that and
19 took a look at the groundbreaking that they did as well.
20         But the most enjoyable part of this job is
21 participating with good lawyers, and you're all very good
22 lawyers.  Thank you very much.
23         MS. SAMMONS:  Thank you, your Honor.
24         MS. STRICKLAND:  Thank you, your Honor.
25         THE COURT:  Thank you.

1    (Which were all the proceedings heard.)

2                    CERTIFICATE

3    I certify that the foregoing is a correct transcript

4    from the record of proceedings in the above-entitled matter.

5

6    /s/ *Mary M. Hacker*                    *May 14, 2012*

7    _____        _____

8    Mary M. Hacker                      Date
     Official Court Reporter