FILED

JUN 07 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| IN RE: DISCOVER PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICE LITIGATION | Case No. 1:10-cv-06994 <br><br> NOTICE OF APPEAL <br><br> Judge John W. Darrah |

Notice is hereby given that I, Aaron Petrus Objector, hereby file my Notice of Appeal to the United States Court of Appeals for the Seventh Circuit from the district court's May 10, 2012 Final Order and Judgment and Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Service Award attached hereto and incorporated for all purposes. These are marked as Exhibits A and B.

Respectfully submitted,

By: _____
Aaron Petrus
c/o J. Petrus
120 Woodhaven
Ingleside, TX 78362
T: 512 917-3955



PAID
RECEIPT # 4624081207
JUN 07 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **CERTIFICATE OF SERVICE** |
| 4 | I certify that a true and correct copy of the foregoing document has been forwarded to the Clerk and all counsel of record by method shown below on this the 6th day of June 2012. |
| 5 | |
| 6 | Via Federal Express<br>Diane E. Sammons |
| 7 | Nagel Rice, LLP<br>103 Eisenhower Parkway |
| 8 | Roseland, New Jersey 07068 |
| 9 | Via Federal Express |
| 10 | Julia B. Strickland<br>Stroock & Strook & Lavan LLP |
| 11 | 2029 Century Park East, 16th Floor<br>Los Angeles, California 90067 |
| 12 | |
| 13 | _____<br>Aaron Petrus |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DISCOVER PAYMENT PROTECTION PLAN MARKETING AND SALES PRACTICE LITIGATION | Case No. 1:10-cv-06994<br><br>Judge John W. Darrah |

**FINAL ORDER AND JUDGMENT**

The Court having held a Final Approval Hearing on May 10, 2012, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Order and Judgment (the "Final Order and Judgment") and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Stipulation and Agreement of Class Action Settlement, filed October 13, 2011, including its exhibits (the "Agreement"), and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Actions and over the Settling Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> SETTLEMENT CLASS: All persons in the United States who were enrolled in or billed for Discover Payment Protection,

AccountGuard, Identity Theft Protection, Profile Protect, Wallet Protection, The Register and/or Credit Score Tracker between January 21, 2004 and November 9, 2011.

3. The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations among the Plaintiffs and Class Counsel, on the one hand, and Discover, on the other.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III of the Settlement Agreement, that the Full Notice was disseminated to all members of the Settlement Class who requested such notice, that the Publication Notice was published in accordance with the terms set forth in the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in Section III of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Order and Judgment.

6. This Court hereby finds and concludes that notice provided by Discover to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class members in accordance with Rule 23 of the

LA 51444676v6

2

Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. This Court hereby dismisses the Actions without prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement. This dismissal without prejudice shall not allow the Parties or any members of the Settlement Class to litigate or otherwise reopen issues resolved by this Final Order and Judgment, or included within the Released Claims, but is "without prejudice" for the limited purpose of effecting the Court's retained jurisdiction pursuant to Paragraph 13 of this Final Order and Judgment.

9. Upon the Effective Date (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Order and Judgment), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

10. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and

3

Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

11. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Discover, or of the truth of any of the claims asserted by Plaintiffs in the Actions, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Final Order and Judgment.

12. If for any reason the Settlement terminates or the Effective Date does not occur, then the Amended Complaint shall be dismissed without prejudice, the operative Complaints shall be the Complaints filed in the Actions, and certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Settling Parties shall return to the *status quo ante* in the Actions, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

13. Without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Discover, Plaintiffs, and Settlement Class Members regarding the Settlement Agreement and this Final

Order and Judgment. Discover, Plaintiffs, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Final Order and Judgment, and the Settlement Agreement, including but not limited to the applicability of the Released Claims, this Settlement Agreement, or this Final Order and Judgment. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Final Order and Judgment. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Order and Judgment and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

14. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1). Based on the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Order and Judgment notwithstanding the Court's retention of jurisdiction per Paragraph 13 to oversee implementation and enforcement of

LA 51444676v6

the Settlement Agreement, the Court directs the clerk to enter final judgment pursuant to Rule 54(b).

SO ORDERED.

Dated: May 10th, 2012.

_____
THE HONORABLE JOHN W. DARRAH
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: Discover Payment Protection Plan Marketing And Sales Practice Litigation<br><br>This Document Relates To All Cases | No. 10-cv-06994<br>MDL No. 2217 |

## ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD

WHEREAS, application has been made for an award of attorneys' fees, reimbursement of expenses, and a service award to the representative plaintiffs. The Court has reviewed (1) Plaintiffs' Memorandum in Support of an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award; (2) the accompanying Joint Declaration of Brian P. Murray and Diane E. Sammons; and (3) all other pleadings and matters of record.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Interim Co-Lead Counsel, Murray Frank LLP and Nagel Rice, LLP, are awarded fees totaling $3,241,949.16 and reimbursement of expenses totaling $258,050.84. Interim Co-Lead Counsel will, in its sole discretion, apportion this fee and expense award to other counsel in the case, including Miller Law LLC; Carey Danis & Lowe; Paris Ackerman & Schmierer LLP; Carney Williams Bates Bozeman & Pulliam, PLLC; Carter Walker, PLLC; Owings Law Firm; Lieff Cabraser Heinmann & Bernstein, LLP; Glancy Binkow & Goldberg LLP; Golomb & Honik, P.C.; Taus Cebulash & Landau LLP; Harris White Smith and Coggins; Hughes Ellzey, Skouteris & Magee, PLLC; McCausland Keen & Buckman; Ku & Mussman P.A.; Lasky & Rifkind, Ltd; Rukin Hyland Doria & Tindall LLP; and Bailey Perrin Bailey.



Exh. B

2. The eighteen representative plaintiffs, including Devavani Conroy, Renee Walker, Jason Chan, Robert Ackerman, Michele Kraynak, Shawn Irvine, Anthony DeMarco, Marti Kelmer, Jose Cruz, Robert Hibbs, Jason Hart, Tammy Marsh, Charles Triplett, Kathleen Callahan, Brian Boyce, Ulonda Carter, Diane Alexander, and Karin Sack, are awarded a service award of $2,500 each for their participation in this litigation.

IT IS SO ORDERED.

Dated: May 10th, 2012

_____
John W. Darrah
United States District Court Judge